June, 1810.

## WILLIAM COLEMAN *against* ALEXANDER WOLCOTT.

Where the plaintiff declares upon a writing, and alleges the same to be lost or destroyed, the loss or destruction is not a preliminary question to be decided by the court, but a material and traversable fact to be determined by the jury; and the plaintiff is an incompetent witness to prove such fact.

MOTION for a new trial.

For the nature of the action, see the report of this case, on a writ of error, *ante,* p. 6—29.

On the trial to the jury before the superior court, the plaintiff offered in evidence a paper purporting to be a copy of the covenant stated in his declaration; to the admission of which the defendant objected, unless the plaintiff should first show that the original had been lost. The plaintiff then offered himself as a witness to make affidavit to establish the loss. To this evidence the defendant objected, but the court overruled the objection, and the plaintiff was admitted as a witness and sworn as to his knowledge of the loss. He testified, that the last he knew of the original covenant, it was in the hands of *John Taylor,* and that he had never seen it since the time of its execution, and verily believed it was lost. The court thereupon permitted the copy to be read.

In the charge to the jury the court said, that if they found from the evidence that the defendant made the contract declared on; that the plaintiff had advanced the money stated in the declaration; that the defendant knew of the assignment made by *Taylor* to *Gilbert;* that he had settled with *Gilbert,* and had taken the discharge from *Taylor,* knowing that *Taylor* had parted with his interest in the contract, and was insolvent, they must find a verdict for the plaintiff; and that whether the facts stated in the declaration would, if proved, support this action, was a question with which the jury had nothing to do; being a question of law arising upon the record, which, after verdict, it would be proper for the court to decide upon a motion in arrest.

The jury found for the plaintiff, as stated *ante,* p. 9. and the defendant moved for a new trial, on the ground

that the plaintiff was improperly admitted as a witness, and also that the charge to the jury was incorrect.

The case was argued before the nine judges upon both points; but it is unnecessary, with reference to the decision, to state the arguments relating to the charge.

*Daggett* and *Gould*, in support of the motion, contended, that the plaintiff on the trial came within the general rule, that a party to the cause shall not be permitted to give evidence for himself. Very few exceptions have been allowed to this rule; and those have been introduced by statute. It is, indeed, safest and best, that a rule of such primary importance should not be departed from, except under the sanction of the legislature.

It is a conceded point, that *Coleman* could not be a witness *to the jury* on the trial of this cause. But it is claimed by his counsel that the question of loss was a preliminary question to be decided by *the court*. Since the case of *Read* v. *Brookman*, 3 *Term Rep.* 151. it has been considered as settled law, both in *Great Britain* and in this country, that the allegation of loss is *traversable*. *Ashhurst*, J. in giving his opinion in that case, (p. 158.) says, the adverse party may bring the matter into question by pleading either that it is not his deed, or that it is not lost; and the party pleading it must give evidence to support his allegation of loss. His comment upon *Dr. Leyfield's Case* shows that where an allegation of loss supplies the place of a *profert*, it becomes *a matter of fact before the jury*, whether there be, or be not, sufficient evidence that the deed did exist. In *Beckford* v. *Jackson*, 1 *Esp.* 337. which was debt upon an annuity deed, the deed was alleged to have been lost. The defendant traversed this allegation, and issue was joined thereon. The plaintiff proceeded to give evidence in support of such issue; but failed to make out his case, and was nonsuited. In *Connecticut* the whole declara-

*June, 1810.*

COLEMAN
v.
WOLCOTT.

June, 1810. tion is put in issue to the jury; and then there must be proof of loss to them; otherwise the plaintiff does not maintain the issue. *Coleman* was as much a witness in chief as though he had sworn to the execution of the deed. He swore to a fact without which he could not obtain a verdict. If the court on the circuit took the question of loss in this case from the jury, they erred in so doing. The loss is a fact which the jury have a right to pass upon.

COLEMAN
v.
WOLCOTT.

From the cases of *Livingston* v. *Rogers*, 1 *Caines' Cases in Error*, xxvii. and *Jackson*, d. *Dunbar*, v. *Todd*, 3 *Johns. Rep.* 300. it would seem that no such idea had ever been entertained in the state of *New-York*, as that the party may be a witness to prove the loss.

The *necessity* of admitting the evidence in question is not such as to justify the subversion of a fundamental rule. In most instances the loss may be proved by disinterested witnesses. It has, in fact, been proved in this manner in several cases which are reported. But admit that individuals may suffer by the rule which excludes it, this is not a sufficient reason for overturning the rule. It is not wise to produce a general evil for the sake of avoiding a partial one. There are many other cases in which a party may fail of justice for want of legal proof. The argument would show that the oath of the party may be admitted in all cases where other evidence cannot be had.

*Hosmer* and *Dwight*, contra. Evidence of the loss of papers is necessarily loose and uncertain. In a multitude of cases, third persons cannot be supposed to know that the party ever had a particular paper; much less that he has lost it. And even what knowledge such witnesses may be supposed to have, must in a great measure originate from the party. They feel but little responsibility for such sort of evidence; of course, but little reliance can be placed upon it. But the party must have full knowledge, not only that he has once possessed

the paper in question, but that he has lost it. The pains and penalties of perjury must operate with equal force upon his mind as upon that of an ordinary witness. The practice, then, appears to be reasonable, and in some degree necessary.

It is also conformable to the practice of the *English* courts, and our own, in cases analogous in principle. On points collateral to the merits, the oath of the party is received. On motions for continuance, on account of the absence of witnesses, it is the constant practice to admit the affidavit of the party. In an appeal from probate establishing a will, where the issue was upon the sanity of the testator, the supreme court of *Massachusetts* permitted the respondent to file his own affidavit to show that one of the subscribing witnesses was abroad and could not be had. *Chase* v. *Lincoln*, 3 *Mass. Rep.* 236. So the plaintiff has been examined, in case of the death of a subscribing witness, for the purpose of letting in proof of hand-writing. *Forbes* v. *Wale*, 1 *Bla. Rep.* 532. *Douglass's Lessee* v. *Sanderson*, 2 *Dall.* 116. The testimony in these cases went as much to the merits as that relating to the loss of a paper; but the necessity is by no means as strong; because the absence or the death of a witness is always susceptible of proof by persons disinterested.

The practice of admitting the party, in case of the loss of papers, has been adopted in some parts of this country. *Blanton* v. *Miller*, 1 *Hayw.* 4. *Seekright*, d. *Wright*, v. *Bogan*, 1 *Hayw.* 178. n. In the case just cited from *Dallas*, it was conceded by the counsel for the defendant, that a party may be admitted where a writing has been lost, and in similar cases.

It would also seem that this practice prevails in *England*. In *Jevens* v. *Harridge et Ux.* 1 *Saund.* 9. it is said, the court will sometimes compel the plaintiff to give a copy of an indenture to the defendant, if *he swears* that he never had one part, or that *he hath lost* it. So in

*Anon. Cro. Jac.* 429. it is said, if a man plead by force of an indenture which is lost, and *affidavit be made thereof*, the party shall be compelled by the court to show his counterpart. So it is, if he will *depose* that he never had any counterpart. So in *Cook* v. *Remington*, 6 *Mod.* 237. it is said if the defendant never had a counterpart, or has lost it, *upon oath thereof*, the court will compel the plaintiff to give him a counterpart. See also *Ward* v. *Apprice*, 6 *Mod.* 264. *Soresby* v. *Sparrow*, 2 *Stra.* 1186. S. C. 1 *Wils.* 16. 13 *Vin. Abr.* 72. 5 *Bac. Abr.* 435.

But it is said that since the case of *Read* v. *Brookman*, it has been considered as law in *England*, that the allegation of *loss* is traversable. It may be so. Mr. Justice *Ashhurst* says, and he alone touches the subject, " the adverse party *may bring the matter in question by pleading* either that it is not his deed, or *that it is lost*, and the party pleading it must give evidence to support his allegation that the deed is destroyed by time and accident." The principle here laid down is perfectly clear. If the defendant means to rest his case upon the fact *of the loss*, he may plead it; and when that is the point in issue, he must support it with disinterested evidence, because the case turns upon it; and if the jury upon such plea should find the fact of the loss, the verdict must be for the plaintiff to recover. In the case of *Buckford* v. *Jackson*, the plea was, " that *the deed was not lost or mislaid*," upon which issue was joined; and an attempt was made by the plaintiff to prove the loss, and failed. Here, again, the case was risked *upon the point of loss*, and to make that out, as well as any other point which involved the merits, disinterested evidence is necessary.

But where the loss of a deed is averred, and the issue joined, like that in the present case, is *not upon the point of loss*, the proof of loss does not go to the merits at all, but is a preliminary point, necessary to be proved only for the purpose of letting in evidence upon the merits f

a secondary nature, viz. proof of the contents of the deed so lost. If, in such a case, the jury are to determine the fact of loss, the court are reduced to a mere cypher; they are to give no opinion on the evidence at all, or their decision may be reversed by the jury—which is an absurdity in legal proceedings. Indeed, it is equally an absurdity to leave a question of evidence to the jury. Their business is to *weigh* evidence, not to determine its legality or admissibility. And the present is nothing more than a question of the legality or admissibility of evidence; for although the court determine whether it is *sufficient* to prove the loss, *the effect* of their decision is only to decide upon the admissibility of the secondary evidence, by reason of the loss of the primary. If, however, this preliminary question is left to the jury, and they are of opinion that it falls short of proof of the loss, they can go no further; their verdict will not be founded on the evidence given in support of the merits; *that* must be laid out of consideration; the cause will have been tried for nothing; and the verdict will be against the plaintiff, though the merits of his case have not been heard.

SWIFT, J. This was an action on a covenant; and the plaintiff alleged that the deed on which the action was brought was lost.

The court admitted the plaintiff, on the trial of the cause, to make affidavit of the loss of the instrument. After verdict, the defendant moved for a new trial on that ground; and the question is, whether it is competent for the plaintiff to testify to the loss of an instrument on which his action is brought, and which is averred to be lost.

Anciently, when written instruments were lost, or destroyed by time or accident, the remedy was in chancery; and for some time, there was a diversity of opinion whether a court of law could dispense with a *profert*. But

June, 1810.

COLEMAN
v.
WOLCOTT.

June, 1810.

COLEMAN
v.
WOLCOTT.

the point is now settled in *England*, and has been recog-
nised here, that in such cases the plaintiff may allege
that the instrument has been lost, or destroyed by time or
accident, which will excuse him from laying a *profert*
of it.   This is a practice of modern date, and the rules
with respect to the proof of loss have not yet been
clearly settled by a course of judicial decisions.   In this
state it has been understood, that the question of loss was
a preliminary fact to be decided by the court to enable
them to determine whether the copy shall be admitted
in evidence, or proof of the contents be given to the
jury, and not as proof to the merits of the case ; similar
to the proof of the absence or death of a subscribing
witness to an instrument, in order to let in other proof;
and on the authority of the practice in the state of *Penn-
sylvania*, as stated in 2 *Dallas*, 116. the court below ad-
mitted the plaintiff to swear to the loss of the instru-
ment on which this action is brought.

But the loss or destruction of the instrument is not a
preliminary question ; it is a material and traversable
fact; and if the plaintiff cannot prove it, he cannot main-
tain his action.   It is a well known principle, that in ac-
tions founded on specialties, the written instrument must
be produced on the trial, unless excused by the loss or
destruction, or by being otherwise out of the power of
the plaintiff ; which fact must be alleged in the declara-
tion.   If the plaintiff should fail to prove that fact on
the trial, he would not be entitled to recover in that form
of action ; but it not appearing that the instrument was
lost or destroyed, his only remedy would be by an action
founded on the instrument in which he must lay a *pro-
fert*, and produce it on trial.   So that it appears, in an
action on a specialty stating it to be lost, the loss is an
essential fact to be proved to the jury.

That the loss or destruction of an instrument is a ma-
terial fact, is inferrible from the case of *Read* v. *Brook-
man*, 3 *Term Rep.* 151. the first case in which the doc-

trine respecting the mode of declaring on writings lost or destroyed was explained, and established; though the practice had previously prevailed. In the case of *Beckford* v. *Jackson*, 1 *Esp.* 337. the allegation that the deed was lost, or mislaid, is traversed.

June, 1810.

As the loss or destruction of the writing in question was a material fact to be decided by the jury, it was not competent for the plaintiff to testify to such fact; because it is repugnant to that fundamental rule of evidence, that no man shall be a witness in his own case.

I am therefore of opinion, that a new trial ought to be granted.

In this opinion the other judges severally concurred.

New trial to be granted.