### FITCH *against* BOGUE and another.

A party to the suit is an admissible witness, to prove to the court, that an instrument which it becomes necessary to use in the progress of the trial, is destroyed or lost, so as to let in secondary evidence.

And there is no distinction, in this respect, between cases where the action is on the instrument, and where the question arises indirectly.

Though in all cases of the destruction or loss of an instrument, the party attempting to avail himself of such instrument, must ultimately satisfy the jury, that it once existed, and what were its contents; yet the order of proof is immaterial; and the testimony of the party to the destruction or loss, may be first received.

In an action containing a count on a promissory note, with the common counts, the plaintiff may go into proof of the consideration of the note, and recover therefor, on one of the common counts; and this, if the note is not negotiable, without producing and cancelling it.

The offer of a release, by the plaintiff, in such case, would have no effect, as an excuse for the non-production of the note: for an outstanding note not negotiable, would be no defence; and if negotiable, it must, if in existence, be produced and cancelled.

THIS was an action of *assumpsit*. The declaration con-

Fitch
*v.*
Bogue.

tained several counts; one of which was on a promissory note, under the defendants' hands, by them well executed, dated the 20th day of *May*, 1837, in and by which they promised the plaintiff to pay to him, on demand, for value received, the sum of fifty dollars, with interest from date, as would by said note fully appear, could the plaintiff produce and show the same here in court; but the plaintiff says, that said note having been destroyed by fire, he cannot produce the same here in court. To this the common counts were added, *viz.* for money had and received; for money paid, laid out and expended; for money lent and advanced; for goods sold and delivered; and for work and labour done and performed.

The cause was tried, on the general issue, at *New-London*, *September* term, 1847, before *Storrs*, J.

On the trial, the plaintiff offered himself as a witness, to prove to the court, that said note had been lost from his pocket and destroyed, by accident, as stated in the declaration, before the commencement of this suit, for the purpose of dispensing with the production of such note to the jury, and of allowing other evidence to be given to the jury of the note and its contents. This was done, without offering any other proof on this point, and admitting that there was none, and without producing the note. To the admission of this testimony the defendants objected, on the ground that the plaintiff was inadmissible as a witness, for the purpose specified. The court refused to admit the testimony so offered.

The plaintiff then, without producing the note, or proving its loss, offered evidence to the jury, to prove that there was a consideration for it, and what that consideration was. He also offered to give to the defendants a release of any claim on account of said note. To the admission of this testimony the defendants also objected; and the court, with a view of reserving the question as to its admissibility, refused to admit it.

The jury returned a verdict for the defendants; and the plaintiff moved for a new trial.

*McCurdy* and *Wait*, in support of the motion, contended, 1. That in an action on a lost note, presumptive evidence of the loss of such a note, is sufficient to let in parol proof of the contents. 2 *Stark. Ev.* 22. 227. *Coleman* v. *Wolcott*, 4

*Day's R.* 388. *Bank of the United States* v. *Sill*, 5 *Conn. R.* 106. *Swift* v. *Stevens*, 8 *Conn. R.* 431. *Livingston* v. *Rogers*, 2 *Johns. Ca.* 488. *Jackson* d. *Livingston* v. *Neely*, 10 *Johns. R.* 374. *Jackson* d. *Gillespy* v. *Woolsey*, 11 *Johns. R.* 446. *Thallhimer* v. *Brinckherhoff*, 6 *Cowen,* 90. *Long* v. *Bailie*, 2 *Campb.* 214. *n. Brewster* v. *Sewell*, 3 *B. & Ald.* 296. (5 *E. C. L.* 291.) *Champion* v. *Terry*, 3 *Brod. & Bing.* 295. (7 *E. C. L.* 443.) *Rex* v. *Stourbridge*, 8 *B. & Cres.* 96. (15 *E. C. L.* 155.) *Freeman* v. *Arkell*, 2 *B. & Cres.* 494. (9 *E. C. L.* 159.) *Patterson* v. *Winne* & al. 5 *Peters*, 233. *Miner* v. *Tillotson*, 7 *Peters*, 99. *Taunton Bank* v. *Richardson*, 5 *Pick.* 436.

2. That the plaintiff, in this action, is a competent witness to prove the loss of such note, in order to let in secondary evidence of its contents. 12 *Vin. Abr.* 7. *Rosc. Cr. Ev.* 11. *in notis. Bayley on Bills*, 277. *in notis. Witter* v. *Latham*, 12 *Conn. R.* 392. *Meeker* v. *Jackson*, 3 *Yeates*, 442. *Douglass'* lessee v. *Sanderson*, 2 *Dall.* 116. *Blanton* v. *Miller*, 1 *Hayw.* 4. *Seckright* d. *Wright* & ux. v. *Bogan*, 1 *Hayw.* 176. *Garland's* ex'rs. v. *Goodloe's* adm'rs., 2 *Hayw.* 351. *Hewes* v. *Wiswell*, 8 *Greenl.* 94. *Davis* v. *Spooner*, 3 *Pick.* 284. *Taunton Bank* v. *Richardson*, 5 *Pick.* 436. *Adams* v. *Leland*, 7 *Pick.* 62. *Donelson* v. *Taylor*, 8 *Pick.* 390. *Chamberlain* v. *Gorham*, 20 *Johns. R.* 144. *Jackson* d. *Swartwout* & ux. v. *Johnson*, 5 *Cowen*, 74. *Jackson* d. *Eden* v. *Varick*, 7 *Cowen*, 238. *Jackson* d. *Brown* v. *Betts*, 9 *Cowen*, 208. *Jackson* d. *Lowell* v. *Parkhurst*, 4 *Wend.* 369. *Wilson* v. *Gale*, *Id.* 623. *Taylor* v. *Riggs*, 1 *Peters*, 591. An interested person, and even a party, can prove the death of a witness to a lease, in order to let in secondary evidence of its contents. *Jackson* d. *Livingston* v. *Frier*, 16 *Johns. R.* 193. *Jackson* d. *Van Schaick* v. *Davis*, 5 *Cowen*, 123. The ground on which the plaintiff claims, that his testimony was admissible to prove the loss of the note declared on, and to lay a foundation for the introduction of secondary evidence of its contents, is, that the question is a *preliminary* one, addressed *to the court* alone, and not a material and traversable fact, on which the jury are to pass. The decision in *Coleman* v. *Wolcott*, 4 *Day*, 388. was over-ruled in *Witter* v. *Latham*, 12 *Conn. R.* 392. 400. where it was decided, that the loss or destruction of the instrument was a fact to be de-

*New-London,*
*July, 1848.*

Fitch
*v.*
Bogue.

cided *by the court,* previous to the admission of secondary evidence of its contents, and is not afterwards to be submitted to the jury.

3. That the plaintiff had a right to go into evidence of the original consideration, under the common counts.    The giving of a promissory note, is no payment, unless so expressly agreed.    *Porter* v. *Talcott,* 1 *Cowen,* 359.

4. That there was no necessity of producing the note on trial, or proving the loss.    *Fales* v. *Russell,* 16 *Pick.* 315.    *Sto. Prom. Notes,* 114.    *Pierson* v. *Hutchinson,* 2 *Campb.* 211. *Powell* v. *Roach,* 6 *Esp. Ca.* 76.    *Poole* v. *Smith,* 1 *Holt's N. P. Ca.* 144. (3 *E. C. L.* 55.)    *Bevan* v. *Hill,* 2 *Campb.* 381.    *Dangerfield* v. *Wilby,* 4 *Esp. Ca.* 159.    *Davis* v. *Dodd,* 4 *Taun.* 602.    *Rowley* v. *Ball,* 3 *Cowen,* 303.    *Mayor* v. *Johnson,* 3 *Campb.* 394.    *Donelson* v. *Taylor,* 8 *Pick.* 390. *Swift* v. *Stevens,* 8 *Conn. R.* 431.

*Foster,* (with whom was *Young,*) contra, contended, 1. That under the circumstances of this case, the plaintiff was not admissible as a witness, to prove the loss of the note.    1 *Greenl. Ev.* § 558.

In the first place, there was not the slightest evidence that the note, which is claimed to be lost, ever had an existence. Its existence ought to be proved as a fact, preliminary to the oath of the party.    *Kimball* v. *Morrell,* 4 *Greenl.* 368. *Caufman* v. *The Presbyterian Congregation of Cedar Spring,* 6 *Binn.* 59.    But secondly, the law of *Connecticut* excludes the testimony of a party, on general principles.    *Coleman* v. *Wolcott,* 4 *Day,* 388.    The case of *Witter* v. *Latham,* 12 *Conn. R.* 392. does not overrule this case, as to the competency of the witness.    The most that can be claimed, is, that it changes the tribunal for determining the question from the jury to the court.    The rule of evidence would be the same, whether the court or jury passed on the question.    Besides, there is a substantial distinction between the cases; as in *Coleman* v. *Wolcott,* the action was brought, as it is here, on the instrument claimed to be lost, and *that* was the gist of the action; whereas in *Witter* v. *Latham,* the instrument claimed to be lost was a mere collateral piece of testimony, and the action was not grounded upon it at all.    See *Swift* v. *Stevens,* 8 *Conn. R.* 431.    *Sims* v. *Sims,* 2 *Const. Rep.* (*S. C.*) 225.

2. That no recourse can be had to the common counts, and no recovery had for the consideration of the note, without producing it in court, or proving the loss or destruction of it. *Dangerfield* v. *Wilby*, 4 *Esp. Ca.* 159. *Holmes* v. *De Camp*, 1 *Johns. R.* 34. *Cumming* v. *Hackley*, 8 *Johns. R.* 156. (2d ed.) *Woodford* v. *Whiteley*, 1 *Moo. & Mal.* 518. (22 *E. C. L.* 372.) *Swift* v. *Stevens*, 8 *Conn. R.* 431. *Sheehy* v. *Mandeville*, 6 *Cranch*, 253. *Sto. Prom. Notes*, § 104. 107. *& seq.* For aught that appears, this note may be a negotiable note, indorsed, and now outstanding in the hands of a third person, who received it before maturity. To allow a recovery on the common counts, under such circumstances, would violate every principle. *Bill* v. *Porter*, 9 *Conn. R.* 31.

New-London, July, 1848.

Fitch
*v.*
Bogue.

3. That the offer of the plaintiff to indemnify, in this case, can make no difference in the result. The party paying the note, or the consideration for it, has a right to demand the proper voucher, the note itself.

ELLSWORTH, J. Two questions arise in this case ; and although the motion does not present them in the most favourable form, yet we are willing to decide the principles involved, as being of some considerable practical importance.

The first question is, can the plaintiff be received to testify to the *court*, that an instrument declared upon, or which it becomes necessary to use in the progress of the trial, is destroyed or lost, so as to render secondary evidence admissible. In *Coleman* v. *Wolcott*, 4 *Day*, 388., this court held, that the allegation in the declaration, of the loss of an instrument, was a material fact in the issue to the jury ; and hence they rejected the plaintiff as a witness. But in the later case of *Witter* v. *Latham*, 12 *Conn. R.* 392. they held the loss of a paper to be a preliminary question to the *court*, not to be reviewed by the jury. In this latter case, the court say, they do not approve of *Coleman* v. *Wolcott*, on this point. It is true, the cases are not perfectly alike : in the first, the *declaration* alleges the loss; in the last, the question of loss arose in the progress of the evidence. But we see no substantial difference. If the question of loss is only preliminary to the introduction of the next best evidence, the great point is set-

tled, and the matter now in hand is readily disposed of, if the principle is to be carried out.

What have the jury to do with the question, when or under what circumstances, secondary evidence may be received? They ought to have the best practicable evidence in their inquiry ; and the court will see that they have it. But the court alone must decide, in each case, what is that best practicable evidence, and how stringently they will apply the general rule. It must be remembered, that the preliminary inquiry is addressed to the *court*, not to the jury. The court must be satisfied that a foundation is laid for the introduction of inferior evidence. With such a question the jury have nothing to do. They know nothing about it. They are supposed to hear nothing about it ; and in fact, have no ability to judge about it.

Now, there is no rule of law, that upon preliminary questions the best evidence is indispensable, or evidence from disinterested witnesses ; but the rule is otherwise. The affidavit of the party may always be received to show cause for a continuance ; so the absence or death of an attesting witness; and so on all preliminary questions. These do not go to the merits; and therefore, do not belong to the jury.

We do not recognize the distinction claimed, by the defendant's counsel, between cases where the action is on the instrument, and where the question arises indirectly, as in *Witter* v. *Latham.* No such distinction appears in the books ; nor does analogy afford any argument for it. The question, in every case, is to the court. But when we come to the execution or the contents of a paper, as bearing upon the issue to the jury, then we enter the province of the jury, and they must found their verdict upon such evidence as the court have permitted to be laid before them.

Nor do we assent to the claim, that before the party can testify, he must show, by disinterested witnesses, that the paper once existed, or that search has been made for it. The order of proof is not important. At whatever stage of the cause, or of this particular inquiry, the question arises, the court must satisfy itself, from the oath of the party, or search made, or other evidence, that a case is made out for the introduction of inferior proof; and after this, the *jury* are to be satisfied, that the instrument once existed, and what were its contents. It would be embarrassing to the trial, if after

New-London,
July, 1848.

Fitch
v.
Bogue.

the cause is in progress to the jury, the party cannot be admitted to testify to the loss of a paper, until he first proves its former existence.

But further, the authorities are clearly with the plaintiff; and so are the elementary writers, with perhaps a single exception as to the order of proof. *Douglass'* lessee v. *Sanderson,* 2 *Dal.* 116. *Taylor* v. *Riggs* & al. 1 *Pet. R.* 591. *Patterson* v. *Warren & al.* 5 *Pet. R.* 233. 240. 7 *Pick.* 74. *Paignard* v. *Smith,* 8 *Pick.* 273. *Page* v. *Page,* 15 *Pick.* 368. *Jackson* v. *Frier,* 16 *Johns. R.* 193. *Chamberlin* v. *Gorham,* 20 *Johns. R.* 144. *Blade* v. *Noland,* 12 *Wend.* 175. 5 *N. Hamp.* 357. 11 *N. Hamp.* 442. *Blanton* v. *Miller,* 1 *Hayw.* 4. *Seekright* v. *Bogan,* 1 *Hayw.* 178. note. 1 *Saund.* 9. *Cro. Jac.* 429. *Cook* v. *Remington,* 6 *Mod.* 237. 264. 2 *Stra.* 1186. 13 *Vin. Abr.* 72. 1 *Bac. Abr.* 435. 1 *Greenl. Ev.* § 558. 349.

The second question is, if the defendant gave his note, at the time of the sale or afterwards, can the plaintiff sue on the common counts, unless the note is produced and cancelled.

That this may be done, and often is done, in our courts, is familiar to every lawyer and judge. One simple contract is not a merger of another like contract, although it may extend the time of credit. There is nothing in this case peculiar, to take it out of the general rule. And had the plaintiff, instead of offering to prove, under the common counts, the *consideration of the note,* said nothing about the note, but gone on to prove the sale and delivery of the property for which the note was given, and left it for the defendant to set up that there was a note, this question would hardly have been started. An outstanding note, not negotiable, clearly would be no defence, unless the defendant should satisfy the jury that the credit had not expired. If it was negotiable,—a fact to the jury, and not to the court,—it must, if in existence, be produced and cancelled.

We attach no importance to the offer, by the plaintiff, to release the defendant from the payment of the note : for if it is not negotiable, a release is unnecessary ; and if it is negotiable, it may have been negotiated before due ; in which case, a release by the payee, is of no value to the defendant.

We do not advise a new trial.

In this opinion the other Judges concurred.

New trial not to be granted.