CHAS. W. BELL AND JERRY B. LOCKETT, APPELLANTS, VS. WILLIAM H. KENDRICK, APPELLEE.

1. Official registers kept by public officers and in which they enter their official transactions as a convenient and appropriate mode of properly discharging the duties of their offices, are admissible in evidence, although there is no statute expressly authorizing or requiring such registers to be kept.

2. Where an official register is admissible in evidence, certified copies of entries therein are also admissible on account of the inconve-nience of removing the originals.

3. It was the duty of the Register of State Lands, independent of any statute, to keep in his office a register of the sales and convey-ances of land ; and a certified transcript from the same of entries showing when and to whom land was sold, and when and to

whom it was conveyed, is admissible as secondary evidence of the execution of a lost conveyance.

4. A certified copy of an agreement on file in the State Land Office ac_knowledging a cash payment on certain lands, and agreeing upon the part of the Register to convey the land to the purchaser or his assignee on payment of the credit installments, and purporting to have been assigned by the original purchaser, and credited with the payment of the deferred installments is admissible with a transcript of the entries in an official record kept by the Register of the original sale and the conveyance to the assignee, as secondary evidence of the execution of the lost conveyance.

5. Under the twenty-first section of Article XVI of the Constitution a certified copy of the record of any deed or mortgage may be admitted as *prima facie* evidence of the deed or mortgage and of its due execution, provided it be made to appear that the original is not within the custody or control of the party offering such copy; *Held*, 1st, The proviso is a limitation upon the preceding part of the sentence; and the theory of the entire sentence, including the proviso, is that an original deed or mortgage is the best evidence and must be put in evidence if it be in the custody or control of the party offering the copy, and that he cannot use the copy as evidence until it has been ma.'e to appear affirmatively that the original is not in his custody or control; 2d, The proviso applies as well to cases in which the party offering the copy is not a grantee in the deed or mortgage as to those in which he is.

6. Whether or not it has been made to appear that an original deed is in the custody or control of a person offering a certified copy as evidence, is a question for the court to decide.

7. It is not error to refuse to admit a certified copy of the record of a deed in evidence where a defendant in whose behalf it is offered is a non-resident, and his testimony as to the custody or control of the original is not offered, and the testimony introduced is: that one of the witnesses, an agent of defendant, wrote to one of the grantees in the deed but had not received it and did not know who had possession of it; and another witness, the attorney of defendant, had neve · had the custody or control of it, nor been able to obtain it, and did not know where it was, and that defendant had written that he did not have it, and that never having had an opportunity to examine defendant's papers, he could not state of his own knowledge what was in defendant's possession; and another witness, one of the grantees, deposed

that he had turned it over to another of the grantees, a resident of another State, without saying when he did so, yet stating that in so far as he knew defendants might have it.

8. Proof of a deed of conveyance of land from the Trustees of the Internal Improvement Fund is *prima facie* evidence of title in the grantee.

Appeal from the Circuit Court for Hernando county.

The facts of the case are stated in the opinion of the court.

*Angus Paterson* for Appellants.

This is an action of ejectment brought by Kendrick against Bell and Lockett and tried before a referee.

The evidence on the part of the plaintiff consisted in a certificate from the Commissioner of Lands and Immigration that a deed had been issued to him by the State many years ago, and oral testimony as to the contents of the deed.

The defendant on his part offered a certified copy of a tax deed, which was ruled out, because it was a copy and not the original; testimony was also produced showing the loss of the original. Defendant also offered a deed from D. H. Thrasher and others to Lockett—this was also ruled out, because, as alleged, it was not proved for record, nor properly acknowledged. On the above testimony, as appears in the record, the referee decided that the plaintiff has made out a case and gave judgment for him. From that judgment this appeal is taken.

The plaintiff must depend upon the strength of his own title and not upon the weakness of the defendant's is a well known principle of ejectment. Hartley vs. Ferrell, 9 Fla., 874.

A certificate that a deed had been made is no evidence in an action of ejectment; the deed itself must be produced, or a certified copy, or an established copy, after it is shown

that the deed is lost. 1 Greenl., sec. 91, p. 571, note 4; Jackson *ex dem.* Williams *et al.* vs. Miller, 6 Conn. Rep., p. 751.

The plaintiff was not entitled to recover on the evidence he produced. Jones vs. Lofton, 16 Fla., pp. 189, 196, cases cited; Adams on Ejectment, p. 308, M. P., note one.

A certified copy of a deed should be admitted in evidence when it is shown that the original is lost. See R., pp. 24, 25 and 26; Thomp. Dig., p. 343, sec. 7; McC.'s Dig., p. 514, sec. 8; Sanders vs. Pepoon and Olcott, 4 Fla., 465, 469.

The deed from D. H. Thrasher and others to Lockett should have been admitted in evidence; an unrecorded deed cannot be excluded simply because it is not recorded nor proved for record.

But such is not the case in Thrasher's deed, although not proven or acknowledged for record in the usual way, yet it is sufficient. The acknowledgment is made by both the makers in the certificate of the officer and also the relinquishment of dower and separate acknowledgment. The statute is substantially complied with. See Record, pp. 28, 29, 30, 31, 32; McC.'s Dig.; p. 215, sec. 6; p. 478, sec. 14; p. 45, sec. 6; separate estate, wife, 755, sec. 9.

*Shackleford & Preston* for Appellee.

Judge JOHN F. WHITE, of the Third Judicial Circuit, sat in the place of Mr. Justice MITCHELL, who was disqualified.

RANEY, C. J.: Appellee sued appellants in ejectment to recover possession of the NE¼ of the NW¼ of section 22, T. 24, S., R. 21, E., in Hernando county, and mesne profits, and the defendants pleaded not guilty.

The case was tried before a referee.

After testifying to having had a deed of conveyance of the

land from the Trustees of the Internal Improvement Fund of this State, and as to the loss of the same, and introduced another witness who testified on the same points, and also put in evidence a certificate of the Clerk of the Circuit Court of that county of the redemption made by him on February 24th, 1887, of the land from a tax sale of the same made by the Collector of Revenue on the seventh day of June, 1886, he offered in evidence a certified copy of the following paper on file in the State Land Office in Tallahassee:

REGISTER'S OFFICE, TALLAHASSEE, May 8, 1854.
No. 952.

I hereby certify that W. J. Turner, of the county of Hernando, State of Florida, has this day paid me in cash the sum of $59.01, and has executed and delivered to me his three bonds of this date, one for the sum of $56.01, due one year after date; one for the sum of $53.01, due two years from date; one for the sum of $50.01, due three years from date; said cash and bonds being for the purchase of the following lands belonging to the Internal Improvement Fund, to-wit: The $E\frac{1}{2}$ of $SW\frac{1}{4}$, sec. 15; $NW\frac{1}{4}$ of $NE\frac{1}{4}$ and $NE\frac{1}{4}$ of $NW\frac{1}{4}$, section 22, T. 24, R. 21, South and East, containing $160\frac{1}{4}$ acres, at $1.25 per acre.

Title to said land is not to be made until the whole of the purchase money shall have been paid. This certificate may be assigned, but if the said purchaser or his assignee shall fail to pay either of the installments or interets for sixty days after it falls due he will forfeit whatever shall have been paid, and his claim to the land, according to sec. 5, No. 23, acts of 1846.

D. S. WALKER,
Per J. H. GATLIN,
Register of Public Lands for the State of Florida.

Among other endorsements at the foot of this paper is a statement of the amount of the cash payment and of each of

the three bonds, and the aggregate thereof. On its back is the following assignment, viz :

"For value received I transfer the within to Wm. H. Kendrick, September 10th, 1855.

"W. J. TURNER."

Upon the statements of the amounts is endorsed : "Paid September 7th, 1859," and immediately below it the following : "Deed to Wm. H. Kendrick November 23, 1859," and a similar endorsement of transfer is to be found on the back of the paper.

He also offered in evidence a certified transcript from the Record Book of entries of land sales in the State Land Office, of the sale of the above land showing that they were entered by Turner on May 8th, 1854, the date of the above certificate, and giving its number, and stating the name of Wm. H. Kendrick as the person to whom the deed was made, and November 23rd, 1859, as its date, the place for the entry as to "when recorded, volume and page," being blank.

The defendants objected to the admission of these copies in evidence "on the ground of incompetency, and as not being the best evidence of the facts intended to be proven thereby," but the objection was overruled and the copies admitted to the extent of proving that a deed once existed, or was issued to W. H. Kendrick, covering the lands in controversy.

The assignment of error is, that the court erred in admitting as evidence a certificate that a deed had been made when there was no deed produced, and counsel for appellants asserts in his brief that a certificate that a deed has been made is no evidence in an action of ejectment, but the deed itself must be produced, or a certified copy after it is shown that the deed has been lost.

It is not contended that there had not been sufficient

proof of the loss of the deed to admit secondary evidence of
its execution and contents. A certified copy of the deed
was not obtainable, because the testimony shows that the
original had never been recorded. Of course the above
copies of the contract of sale, and of the transcript from the
Tract Book in the State Land Office, were not offered as
the best evidence in the sense that the original deed is the
best evidence. Greenleaf on Evidence, sections 34, 582.
If counsel is to be understood as meaning that certified
copy of a deed is the only legal secondary evidence of the
execution or contents of a lost deed, it is sufficient to re-
mark that the authorities all refute such a theory.

Again, it is to be observed, there is no basis for the argu-
ment that a certificate " that a deed has been made " is no
evidence in an action of ejectment. There is no such certifi-
cate before us. There was one of this character in the case
of Groover vs. Coffee, 19 Fla., 61, where the Commissioner
of Lands and Immigration had certified that the records of
his office " showed that fractional section *** was sold to
McCall and Stripling on the second day of September, A.
D. 1857," and this court rejected it as not one recognized as
evidence under the statutes or otherwise ; and remarking :
It is not a certificate of ownership by the State, or the Trus-
tees (of the Internal Improvement Fund), nor is it a deed,
agreement or contract, or a copy of any document or record
pertaining to the office of the Commissioner, within the
meaning of the statutes, and that it found no law making it
evidence. 1 Greenleaf, Sec. 434, n. 7.

What we have before us are certified copies of a contract
on file in the State Land Office, and of a record of that
office. An inspection of these papers discloses that the
former is the contract for sale, and the latter the record en-
try as to such sale and its consummation by a conveyance
to Kendrick. They connect themselves with each other,

and though the endorsement on the former, or the issue of the deed to Kendrick, may not be of itself evidence of 'such issue, (a question which we do not now decide,) yet we are satisfied that the record entry is legal secondary evidence of the fact of a conveyance to Kendrick. This record purports to be what in fact it is, a record entry kept in the State Land Office of the successive steps in the sale and conveyance of the State lands. During the period covered by these entries the Register of State Lands was the officer having charge of that office, and the office has during subsequent changes in the name of the officer having charge, remained, and is now the office of the proper custody of such records as well as of the sale and management of the public lands.

Official registers or books kept by persons in public office in which they are required, whether by statute or by the nature of the office, to write down particular transactions occurring in the course of their public duties and under their personal observation, are generally admissible in evidence, notwithstanding their authenticity is not confirmed by the ordinary test of truth, the obligation of an oath, and an opportunity to cross-examine the person on whose authority the truth of the document depends. 1 Greenleaf on Evidence, sections 483, 484. It is not necessary to the admissibility in evidence of an official register of this kind that a statute should expressly require it to be kept, or that the nature of the office should render it indispensable. Ib., 496. In Coleman's Case, 25 Gratt., 865, it was held that a public record must be a written memorial intended to serve as evidence of something written, said or done, made by a public officer authorized by law to make it; and the authority for it need not be derived from express statutory enactment, but whenever a written record of the transactions of a public officer is a convenient and appropriate mode of discharging the duties of his office, it is not only his right, but his duty to

keep that written memorial, whether expressly required so to do or not; and when kept, it becomes a public document, a public record, belonging to the office, and not to the officer.

On account of the inconvenience of removing such documents, certified copies of them are admissible as evidence. 1 Greenleaf on Evidence, section 485, 498; Simmons vs. Spratt, 20 Fla., 495; Doe *ex dem.* Magruder vs. Roe, 13 Fla., 602; Farr vs. Swann, 2 Penn. St., 245.

Parish registers, books of the bank of England, the transfer books of the East India Company, books of assessment of public taxes, of the post office, and custom house and other public offices, and authenticated copies of the same are admissible. 1 Greenleaf on Evidence, section 484. In the Virginia case cited above, the warrant book kept by the Second Auditor of the State, in his office, of the transactions of the Commissioners of the Sinking Fund, was held to be a public record and to be of itself evidence of what it contained, to be considered with other evidence in the case.

It was clearly the duty of the Register of State Lands to keep in his office a register of sales and conveyances of land. A proper performance of the duties of his office required it, and the entries therein are evidence of the acts they represent, and in this case were, we think, admissible in evidence, and that as to a conveyance to Wm. H. Kendrick was properly admitted against the objection made by appellants, to be considered with the other testimony as secondary evidence of such a conveyance having been made.

The case of Jackson vs. Miller, 6 Cowen, 751; 6 Wend., 229, and other authorities cited by counsel for appellants, do not conflict with the above views.

II. The defendants offered in evidence a copy of a tax deed dated August 14th, 1884, made by John O. Law, Clerk

of the Circuit Court of Hernando county, purporting to convey the above quarter sections and also other pieces of land, containing in the aggregate one hundred and fifty acres, to R. & J. Munro, John C. Wells and D. H. Thrasher, pursuant to a public sale of the same made by the Collector of Revenue of that county on the sixth day of August of the preceding year, for the taxes assessed for the year eighteen hundred and eighty-two, and reciting that the lands were sold to the State of Florida, and that R. & J. Munro had purchased the right, title and interest acquired by the State through such sale, and that the Munros had sold, transferred and assigned to Wells and Thrasher, respectively, an undivided third interest in said lands "as aforesaid of record on said certificate of sale." This deed was recorded in the clerk's office of the county by Law, as such clerk, on the twenty-ninth day of the same month, on an acknowledgment of execution made by Law before G. V. Ramsey, County Judge. The copy of the deed offered in evidence is from such record and duly certified under the seal of the Circuit Court by Frank E. Saxon, Clerk, by J. L. Austin, Deputy Clerk.

This copy was rejected by the referee on the ground that the constitutional requirement as to proof of possession or control of the original had not been complied with.

The constitutional provision referred to in the ruling of the referee is section 21 of Article XVI of the present organic law of the State, which is as follows: Deeds and mortgages which have been proved for record and recorded according to law shall be taken as *prima facie* evidence in the courts of this State, without requiring proof of the execution. A certified copy of the record of any deed or mortgage that has been or shall be recorded according to law shall be admitted as *prima facie* evidence thereof, and of its due exe-

cution with like effect as the original duly proved; *Provided*, It be made to appear that the original is not within the custody or control of the party offering such copy.

The admissibility of duly certified copies of properly recorded *deeds* and *mortgages* is controlled by the latter sentence of the above section; and the testimony as to the "custody or control" of the original tax deed under the proviso is in substance this: D. H. Thrasher testified that he turned it over to John C. Wells, of Fort Gaines, Georgia, and that, so far as he kn w, Bell or Lockett, the defendants, might then have it. B. C. Campbell, who stated that he was sub-agent of Lockett, and in control of the land, said he did not know who had possession of the original of the deed; and in reply to an inquiry as to what efforts he had made to discover where the original was, testified that he wrote to D. H. Thtasher, one of the grantees in the original, but had not received it, and did not know where it was; that Lockett resides in Vernan, Texas. G. C. Martin, one of the attorneys for defendants, deposed that he did not know where the original was; that he wrote to B. C. Campbell, agent of Lockett, and to D. H. Thrashar, one of the grantees, but had not been able to get it or to ascertain where it was other than what Thrasher stated to him by letter; that Lockett stated to him by letter that he did not have it. That it had never been in his, Martin's, custody or control, and he had not been able to obtain it; and upon cross-examination, that never having had an opportunity to examine the files and records of Lockett's papers, he could not state, of his own knowledge, what was in that gentleman's possession.

The provission of the statute of 1846 (Sec. 8, p. 414 McC.'s Dig.) that a certified copy of a deed duly recorded should be received in evidence "in the same manner, and with like force and effect as the original might," was con-

strued by this court in 1882, and held not to make a certified copy of the record thereof *per se* evidence of the execution of the original, but that such a copy was admissible only on due proof of the execution of the original. Skinner vs. Pinney, 19 Fla., 42. In the same year it was decided that the effect of the certificate of acknowledgment of the original for record under the act of November 15th, 1828, McC.'s Dig., 215, was merely to entitle such original to be recorded in the office assigned by law, and not to render it admissible in evidence without proof of execution according to the rules of the common law. Hogans vs. Carruth, 18 Fla., 589.

The Legislature of 1883 failed to agree upon any measure changing the status of the law as thus adjudicated, although the necessity for some relief was prominent, but at the session of 1885 a statute, chap. 3581, was enacted, providing that conveyances of property, whether absolute or conditional, "acknowledged or proven by the party or parties executing the same before the Clerk of the Circuit Court of the county in which such conveyances are to be recorded according to law and recorded within twelve months from the date of their execution," 'should be received in evidence in any court without further proof of their execution ; and that if it appeared to the court that the original conveyance had been lost or destroyed, or that the party offering a transscript had not the custody or control of the original, a transcript duly certified should be received in the place of the original.

Though rules of evidence are ordinarily a matter for mere legislative action, and to be changed as the public interest may require, it is apparent that the Constitutional Convention of 1885, deemed the public exigency so great as to justify their making the particular subject of recorded deeds and mortgages as evidence, one of organic regulation and

the result of their deliberations upon it was the twenty-first section of the sixteenth article set out above.

Without commenting upon any distinction that may exist between the first sentence of this section of the Constitution and the first clause of the statute of 1885, our conclusion is, that the effect of the second sentence of the constitutional provision is to make a certified copy of any deed or mortgage which has been duly recorded in accordance with law, admissible as *prima facie* evidence thereof, and of the due execution of the original, with like effect as the original duly proved, upon the condition named in the proviso. This proviso requires of the party offering the certified copy as a condition precedent to its admission in evidence that it shall be made to appear that the original is not within his custody or control. It is an express limitation upon the preceding part of the sentence. The theory of the second sentence, including the proviso, is that the original is the best evidence in all cases and must be produced if it is in the custody or control of the party, and that he cannot use the copy in any case until it has been made to appear affirmatively that the original is not in his custody or control.

We have carefully considered the decisions of the courts in Alabama, Tennessee, Massachusetts and Maine, holding that a party is not presumed to have possession of an original deed if he is not the grantee therein, and that he may use a certified copy without accounting for the original unless the latter is presumed to be in his custody, but in view of the previous legislation and decisions in Florida and the plain language of the Constitution, we are satisfied that the conclusion reached above is correct.

Whether or not it has been made to appear that an original deed is not in the custody or control of the party offering the copy, is a question for the court, like the question of

the proof of loss of an original, and the admission of secondary evidence at the common law. 1 Greenleaf on Evidence, sections 349, 558; Fitch vs. Bogue, 19 Conn., 285; Poignand vs. Smith, 8 Pick., 272, 276; Taylor vs. Riggs, 1 Peters, 591.

Looking at the evidence in this case as detailed above, we do not think it was made to appear that the original tax deed was not in the possession or control of Lockett, who is the material defendant in this case, he having been made defendant by consent as landlord, and the record showing, as it does, that he claimed under a deed from the grantees in the tax deed, and that the other defendant, Bell, was not in possession of the land at the trial, and that though he was in possession at the commencement of the suit, it was by authority of one Campbell, who was Lockett's agent; and Lockett and Campbell as his agent, having been in possession for over three years before the trial, and this possession antedating the commencement of the action.

We are not informed when it was that Thrasher turned the deed over to Wells, and he expressly refuses to say, as does Martin, that it is not in Lockett's possession. Campbell knows nothing about its possession. Martin's statement of Lockett's letter to him as to not having the deed is not legal testimony in behalf of Lockett. There is in fact not sufficient testimony to show that the deed was not in the custody or control of Lockett, nor of Bell, if we regard him as a material defendant or party really interested in the property, and in our opinion the referee did not err in refusing to receive the copy as evidence.

III. The proof of a deed from the Trustees of the Internal Improvement Fund was of itself *prima facie* evidence of a title in Kendrick, Groover vs. Coffee, 19 Fla., 61, and he was entitled to recover possession of the land in the absence

of proof of a former or superior grant, or other evidence of superior title or right of possession overcoming it. Jones vs. Lofton, 16 Fla., 181. None has been shown. No title by adverse possession is claimed, nor would the testimony sustain it.

The judgment is affirmed.