JACOB SUMMERLIN, APPELLANT, VS. SIMEON S. TYLER AND
WIFE, APPELLEES.

1. The provision of the statute which prescribes the time within which appeals from the Justices' Court to the Circuit Court may be taken, has reference to the *adjournment* of the court, and not to the date of the *rendition* of the judgment.

2. Where the record furnishes no evidence at what time the court adjourned, the presumption of law is, that the justice, in approving the appeal bond, did his duty, and that the same was perfected within the time prescribed by the statute. In the absence of proof to the contrary, the legal presumption always is that the officer has acted strictly within the line of his duty.

3. It is not a compliance with the requisition of the statute to merely pray the appeal within the three days. It must be perfected within that time by the actual payment of the costs and the tender of the appeal bond.

Appeal from Duval Circuit Court.

The appellees instituted a suit against the appellant in a Justices' Court of Duval county. On the 15th day of February, 1855, judgment was rendered against the appellant, and an appeal being taken to the Circuit Court, he filed his appeal bond as required by law on the 20th day of the same month. There is nothing in the record to show when the Justices' Court, in which the judgment was rendered, adjourned. At the spring term, 1855, of the Circuit Court, on motion of the appellees, the appeal was dismissed on the ground that "more than three days had elapsed from the trial of the case and the signing and approval of the appeal bond."

From this ruling an appeal was taken to the Supreme Court.

*F. I. Wheaton*, for Appellant.

*P. Fraser*, for Appellees.

DU PONT, J., delivered the opinion of the court.

The question presented by the record in this case for our adjudication arises out of the provision of the statute imposing a limitation of time within which a party in a Justices' Court may take an appeal to the Circuit Court, viz: whether within three days after the *rendition of judgment*, or within that time after the *adjournment* of the court? The statute may be found in Thompson's Digest, at page 474, and is in the following words, viz: "If either party shall be dissatisfied with the judgment of the Justice of the Peace, in any cause tried before him where the amount in controversy shall exceed the sum of ten dollars, such party may, within three days after the adjournment of the court at which the said judgment was rendered, demand an appeal to the Circuit Court of the county; and it shall be the duty of the said justice to grant said appeal upon the applicant's paying the costs and giving bond and security for the eventual costs and condemnation money," &c., &c.

A careful reading of the statute is alone necessary to solve the question raised in the assignment of errors. It is very manifest that the appeal must be taken within three days after the adjournment of the court, and not after the date of the rendition of the judgment.

In this case, the record furnishes the fact that the judgment was rendered on the 15th day of February, A. D. 1855, and that the appeal bond was given on the 20th day of the same month, or *five* days after the date of the judgment. But it nowhere informs us at what date the court adjourned; and, in the absence of proof on that point, the legal presumption is that the justice did his duty in approving the appeal bond, and that the appeal was perfected within three days after the adjournment of the

court. In the absence of proof to the contrary, the legal presumption always is, that the officer has acted strictly within the line of his duty.

To meet a supposed difficulty in the case, the counsel for the appellant argued, that the notification of an *intention* to take the appeal, made within the three days, is a sufficient compliance with the requisition of the statute, and that the costs might be paid and the bond given at any time thereafter. We do not coincide in this interpretation of the statute. Our opinion is, that the appeal must be *perfected* within the three days by the payment of the costs and the actual tender of the bond.

Let the judgment of the Circuit Court be reversed, with directions to reinstate the cause and to proceed therein according to law.