JOHN DOE, *ex dem.* ALEXANDER MAGRUDER AND WILLIAM LOGAN, VS. RICHARD ROE, WITH NOTICE TO CHARLES PERPALL.

1. A deed of conveyance of lands, executed by a person out of possession, is void as against a party holding adverse possession.

2. A defendant in ejectment may show twenty years' possession by himself and those under whom he holds, adverse to the possession of the plaintiff and those under whom he claims; and if the plaintiff has not been prevented from prosecuting his claim within the twenty years by reason of some legal disability, he cannot recover.

3. A deed of conveyance executed by the Trustees of the Internal Improvement Fund does not carry with it a presumption that the title was in them and that they could lawfully convey the premises. Their title is not original, and, like that of any other party, should be proved, and is subject to be overcome by a superior title.

4. The volumes of "American State Papers," published under the authority of Congress, containing copies and translations of the original grants or concessions of lands by the Spanish government, are as valid evidence in the investigation of claims to lands in courts of justice as though they were authenticated in any other mode recognized by law.

5. A copy of a document or record, duly certified by the officer legally in possession of the original, is lawful evidence, on general principles, equally with the original.

6. The grants or concessions of lands made by the Spanish government, anterior to the treaty of cession whereby Florida was annexed to the United States, are deemed to have been ratified and confirmed by the eighth section of the treaty, without further action by Congress.

7. When a bill of exceptions is signed by the judge, it will be presumed that it was signed within the time prescribed by law, unless there is in the record some evidence to the contrary.

Error to the Circuit Court for Duval county.

Ejectment for lands in St. Johns county, tried in Duval county. Under consent rule, the plea of defendant, Perpall, put in issue the title to the lands mentioned in the declaration.

On the part of the plaintiffs, Magruder and Logan, there was offered in evidence a deed of bargain and sale executed by the Trustees of the Internal Improvement Fund, created under "an act to provide for and encourage a liberal system of Internal Improvements in this State," approved January 6, 1855, for a portion of the lands mentioned in the declaration, to Alexander Magruder and William Logan, dated March 11th, 1867. The defendant, by his counsel, objected to the reading of the deed in evidence upon the ground that the deed is void for want of seizin, unless connected with some possession of the lands described. The judge overruled the objection and permitted the deed to be read in evidence, and the defendant excepted. Other similar deeds of the said trustees to other parties, covering other of the premises mentioned in the declaration, together with conveyances by the grantees named therein to the said Magruder and Logan, were severally offered by the plaintiffs in evidence and permitted to be read against similar objections

on the part of the defendant. The· defendant, Perpall, admitted that he was in possession of the premises at the date of the commencement of this suit, and the plaintiff rested his case.

The defendant, to maintain the issue on his part, claimed title under the 8th section of the treaty with Spain of Feb'y 22, 1819, (*ceding Florida to the* United States,) to which he called the attention of the court, and offered in evidence a portion of Vol. 4, " American State Papers," Duff Green's edition, relating to public lands in Florida, purporting to be a translation of the Spanish grant or concession to Jesse Fish of the lands in controversy; the act of giving possession, payment of purchase money, &c., together with the report and decision of the U. S. Commissioners declaring it to be a valid title and recommending its confirmation by Congress. This was objected to by plaintiffs' counsel, and the court sustained the objection.

Counsel for defendant then placed Mr. Venancio Sanchez upon the stand, who was sworn, and for the purpose of proving the tenancy and possession of defendant was asked the question, " who was in actual possession of these lands at the time of the commencement of this suit ?" This question was objected to by plaintiffs and the objection sustained.

The counsel for defendant then offered a certified copy, under the seal of " the keeper of the public archives," of the Spanish title or grant to Jesse Fish, (a copy of which is given in the bill of exceptions,) and proved the handwriting of the said " keeper of the public archives," and that he was such keeper at the date of the certificate. The counsel for plaintiffs objected to the introduction of said certified copy, and the objection was sustained and the evidence refused.

Counsel for defendant then offered in evidence the original·of the Spanish concession and act of delivery to Jesse Fish, together with a certificate of the government notary, and also the testimony of Rafael Alvarez, Spanish consular

agent at Jacksonville, to prove that the document offered in evidence was in conformity to Spanish laws and customs, who testified that he was familiar with the laws and customs of Spain regulating the transfer of real property; that he became familiar with those laws and customs when he sold some property in Cuba; that he did not know that the same regulations governing the sale of property in Cuba were the same as those which regulated the sale of property in Florida when it was a Spanish province.

The court decided that the witness was not an expert and ruled out his testimony.

The plaintiffs' counsel objected to the reception of the documents offered, and the court sustained the objection and decided that the testimony was inadmissible.

Counsel for defendant offered to prove fifty years actual possession under chain of title prior to the date of the deeds under which plaintiffs claim title. The court ruled that such evidence was inadmissible and refused the testimony, to all which rulings the defendant's counsel excepted.

Counsel for defendant asked the court to charge the jury: "That to entitle the plaintiffs to a verdict they must prove that they had the right of entry as well as the legal estate in the premises at the time of the demise laid in the declaration," which instruction the court gave, with the modification, "right of entry follows legal title;" to which modification the defendant excepted.

After the jury had retired, they desired to be informed "if the title given by the Trustees of the Internal Improvement Fund to the plaintiffs in this suit is a legal title, and if so, if it sets aside actual possession to the parties now in possession." The jury coming into the court room, upon the invitation of the judge, he instructed them as follows: "If it was not a legal title, the court would have excluded it. Unless the evidence shows a better title than mere actual possession in the defendant, then you must find for the plaintiffs." Defendant excepted to this charge.

The jury found for the plaintiffs, and judgment was entered accordingly, from which the defendant appeals and assigns the following errors in the proceedings in the Circuit Court :

First. The court erred in overruling the objections made by defendant to the introduction as evidence, on the part of the plaintiff, of the deed from David S. Walker and others, Trustees of the Internal Improvement Fund of the State of Florida, to Alexander Magruder and William Logan, dated March 11th, 1867, and in permitting to be read in evidence, against the objections of defendant, the deed from the said Trustees of the Internal Improvement Fund to Albert D. Rogero, dated 25th September, 1867 ; also the deed from same parties (the trustees aforesaid) to Charles F. Hopkins and Albert D. Rogero, dated 24th June, 1867 ; also in permitting to be read in evidence, against same objections upon the part of defendant, certified copy of deed from Charles F. Hopkins and Albert D. Rogero to Alexander Magruder and William Logan, dated 23d October, 1867, and certified copy of deed from Albert D. Rogero to Alexander Magruder and William Logan, dated 23d October, 1867.

Second. The court erred in ruling out and refusing to permit the defendant to offer or read in evidence, in support of his title, such portions of Vol. 4, American State Papers, (Duff Green's edition,) as related to public lands in Florida and purported to be a translation of the Spanish grant or concession to Jesse Fish, the act of giving possession, payment of purchase money, &c., together with decree of the United States Commissioners declaring it a valid title and recommending it to Congress for confirmation

Third. The court erred in sustaining the objection of plaintiffs to the question asked by defendant of Mr. Venancio Sanchez as to who was in actual possession of the lands at the time of the commencement of this suit, &c.

Fourth. The court erred in ruling out and refusing to permit to be offered or read in evidence the copies of Span-

ish documents in the bill of exceptions set forth and which were certified to by Antonio Alvarez, K. P. A.

Fifth. The court erred in ruling out and refusing to permit to be read in evidence, on the part of defendant, the original copy of the Spanish concession and act of delivering to Jesse Fish, in the bill of exceptions mentioned, &c., and in sustaining the objections made by plaintiffs to the introduction thereof, &c.

Sixth. The court erred in refusing to permit defendant to prove fifty years actual possession under chain of title prior to the date of the deeds under which plaintiffs claimed title.

Seventh. The court erred in refusing to give the instructions asked for by defendant's counsel, and in modifying said instructions and giving them in a modified form.

Eighth. The court erred in answering the communication sent by the foreman of the jury and by writing the jury to come in to be instructed on the point raised by them, as set forth in the bill of exceptions.

Ninth. The court erred in the instructions given to the jury.

*M. D. Papy* for Appellant.

*Sanderson & L'Engle* for Appellees.

RANDALL, C. J., delivered the opinion of the court.

The first error assigned is that the court admitted, on the part of the plaintiff, the introduction of the deed of the Trustees of the Internal Improvement Fund to the lessors of the plaintiff and to Charles F. Hopkins and Albert D. Rogero, and the deeds of Hopkins and Rogero to the lessors, against the objections of the defendant. And in support of this assignment it is contended that a conveyance by a person out of possession, where the land is held adversely to the grantor, is void, and that to enable a party to convey the lands he must first reduce the lands to possession.

This objection is not to the order in which the plaintiffs sought to introduce their evidence, but to the evidence itself. This was the first evidence offered by the plaintiffs, and the nature of the defendant's title or possession was not yet apparent. For aught that appeared, these deeds may have been proper and necessary links in the chain of title by means of which the plaintiffs' lessors, with other necessary proofs, might have shown themselves to be the owners in fee, and that their right of possession was superior to that of the defendant. It had not yet appeared that the defendant was in possession of the premises previous to the execution of the deeds offered. It is considered, therefore, that the question was prematurely raised by the defendant, and that there was no valid objection to the proofs thus offered.

It may, however, be remarked that whenever evidence of this character is tendered, out of its regular order, in the attempt to establish a title by proof of mesne conveyances, it is at least proper that the offer be accompanied by a proposition to connect the deeds so offered, by means of further proofs, with further legal evidence of title. And the court should exercise great care, lest upon a partial or incomplete showing of title the jury shall be allowed to consider the evidence as complete, while important links in the chain of title are absent.

The second error assigned relates to the refusal of the court to permit the defendant to read in evidence, in support of his title, such portions of Vol. 4 of the American State Papers (Duff Green's edition,) relating to public lands in Florida and purporting to be a translation of the Spanish grant or concession to Jesse Fish, the act of giving possession, payment of purchase money, &c., together with the decree of the U. S. Commissioners declaring it to be valid and recommending it to Congress for confirmation.

In Radcliffe vs. The United States Ins. Co., 7 Johns., 38, it was held that copies of public documents, transmitted to Congress by the President and printed by the printer to

Congress, may be used as evidence without further authentication. " A greater strictness of proof, (the court remarks,) in respect to such public matters of state, and when introduced collaterally and not as matter of fact in issue, would be inconvenient, and is not now in practice required."

The printed journals of Congress have been allowed to be read in Pennsylvania, without other proof of their authenticity. Whart. Dig., 280, 2d ed. In a later case before the Supreme Court of the United States, (Bryan vs. Forsyth, 19 Howard, cited by appellant's counsel,) the court remarks: " These State Papers were published by order of Congress, and selected and edited by the Secretary of the Senate and Clerk of the House of Representatives. They contain copies of legislative and executive documents, and are as valid evidence as the originals are from which they were copied. The competency of these documents as evidence in the investigation of claims to lands in the courts of justice has not been controverted for twenty years, and is not open to controversy."

It is understood that the edition called Duff Green's edition of American State Papers was printed by authority of one of the houses of Congress, and was the copy referred to by the court in the case just cited. Other editions have since been printed under similar supervision and authority, and are equally receivable as *prima facie* evidence of the contents of the originals on file in the archives of the government as though they were authenticated in any other manner recognized by law.

The third error assigned is that the court sustained the objection of the plaintiffs to the question of defendant's counsel as to who was in actual possession of the lands at the time of the commencement of this suit.

· It cannot be disputed that a possessory title, (actual possession,) is good until overcome by a better right. Hence, the question was pertinent and proper. In the action of ejectment there is one principle which must ever be recog-

nized, namely: that the plaintiff cannot recover but upon the strength of his own title, and cannot, of course, found his claim upon the weakness of the defendant's.   And possession gives the defendant a right against every man who cannot show a good title.   The party, therefore, who would change the possession, must first establish a legal title to it. Runnington on Eject., 15; 4 Burr, 2487.   The evidence on the part of the plaintiff must be such as will establish his right of possession as against that of the party in possession. A mere deed of conveyance from a stranger is not good against a party holding adversely at the time of its execution, and such deed, unaccompanied by further evidence to show that the party in possession holds in subordination to such grantor, would not establish a right as against him. Such conveyance, unless made prior to, or otherwise consistent with the possession of the defendant at the time of its execution, is void as against him.   Hence, the rejection by the court of the evidence of the defendant's possession was, in effect, a pre-judgment of the plaintiffs' case, and a denial of the right of the defendant to overcome it.

The fourth error assigned is, that the court ruled out and refused to permit to be offered or read in evidence the copies of the Spanish documents, set forth in the bill of exceptions, and which were certified to by the keeper of the Spanish archives.

The objection to these documents was general, and we presume went only to the form in which they were presented.   If so, we can see no reason for refusing them.   In the case of the U. S. vs. Percheman, 7 Peters, 85, the court says: "Whether the acts (of Congress referred to,) be or be not construed to authorize the admission of the copies offered in this cause, we think that on general principles of law a copy given by a public officer, whose duty it is to keep the original, ought to be received in evidence."

The fifth error assigned is, that the court erred in ruling out, and refusing to permit to be read in evidence, on the

part of the defendant, the original copy of the Spanish concession and act of delivery to Jesse Fish, in the bill of exceptions mentioned, and in sustaining the objection made by the plaintiffs to the introduction thereof, &c.

The reason of the court for excluding the original grant of the lands in question, which assuredly was an important step in the attempt of the defendant to establish a title, doubtless was, that it did not appear that the witness offered, for the purpose of showing that the document was executed according to the laws of Spain, had sufficient knowledge of those laws to make him a competent witness to prove them. If this was the ground, the ruling of the court was doubtless correct. The usual course is to make such proof by the testimony of competent witnesses, who are skilled or well acquainted with the law to be proved; or by certificates of persons high in authority; or by an authenticated or sworn copy, if the law is a written law; or by public history or public documents of the country. Story's Conflict of Laws, 530; 5 Yerger, 398.

There should undoubtedly be some proof of the genuineness of the original grant, and this may be made by the ordinary mode of making such proof, or by showing that the grant has been recognized as valid by the government of this country, through officers appointed to inquire into and determine the matter, or by the high departments of the government.

The grants or concessions of lands made by the Spanish government, anterior to the treaty of cession, whereby Florida was annexed to the United States, are deemed by the Supreme Court of the U. S. to have been ratified and confirmed by the eighth section of the treaty, without farther action by Congress. And the Supreme Court of this State held to the same effect in McGee and others vs. Doe, ex dem. Alba, 9 Fla., 382.

The sixth error assigned is, that the court refused to permit defendant to prove fifty years actual possession under

chain of title, prior to the date of the deed under which plantiffs claim title. The court ruled that such evidence was inadmissible, and refused it.

By the statute of limitations of 21 Jac. 1, Ch. 16, "none shall make entry into land but within twenty years after their right or title shall first descend or accrue." Therefore, where there hath been no possession for twenty years, either in the lessor, or the plaintiff, or his ancestors, the plaintiff in ejectment will be non-suited. 1 Burr., 119. And twenty years adverse possession is not only a negative bar to the action or remedy of the plaintiff, but takes away his right of possession, and gives a positive title to the defendant, for the plaintiff must show a right of possession as well as property, and therefore the defendant need not plead the statute of limitations as in other cases. Runn. on Eject., 58; 1 Burr., 119. In the case of Taylor ex dem. Atkyns vs. Horde, 1 Burr., 126, the court of King's Bench determined for the plaintiff upon the *right*, but against him upon the *remedy*, being of opinion that he was barred of that by the statute of limitations, on which judgment he brought a writ of error to the House of Lords, who determined the latter point first and separately, and holding the plaintiff to be barred of his remedy by ejectment, affirmed the judgment without entering into the point of right.

The statute applies to all persons capable of a right to enter, and, therefore, if it appears that there has been a possession by the defendant, or those under whom he holds, for the last twenty years, adverse to the title of the claimant, and that the claimant has not been prevented from prosecuting his claim earlier by reason of some of the disabilities allowed by the statute, (as minors, &c.,) he will be barred of his remedy by ejectment. Adam's on Eject., 46, and n.; ib., 77.

In Sanches & Wife vs. Gonzales, 11 Martin, 207, it was held that "a person put in possession by the Spanish government by metes and bounds of a part of the King's land,

as her own, acquired such title, which, strengthened by long possession, must prevail."

The doctrine of the English law above indicated prevails in the United States generally, qualified in some of the States by the condition that a possession, to be adverse to the true owner, must be under *color* and *claim* of title, and this we understand to be the proffered case of the defendant here. In either aspect, the defendant was entitled to the benefit of the evidence offered, and the ruling of the court was erroneous.

Seventh assignment. The court erred in refusing to give the instruction asked for by the defendant's counsel and in modifying said instructions and giving them in a modified form. The instruction prayed was that " to enable the plaintiffs to recover they must prove that they had the right of entry as well as the legal title," &c., which the court modified by adding, " Right of entry follows legal title." We have already seen that this is not the law. This would abrogate the statute of limitations, and upset the logic of all the courts in England and America. Even a tenant would have no rights which his landlord would be bound to regard, and the doctrine of adverse possession would be practically extinguished.

The eighth error assigned relates to the instruction of the court in response to the inquiry of the jury, whether the title given by the Trustees of the Internal Improvement Fund to the plaintiff was a legal title, and if it "sets aside actual possession" of the parties now in possession. The court said to them, " If it was not a legal title the court would have excluded it. Unless the evidence shows a better title than mere actual possession in the defendant, then you must find for the plaintiff." We have already remarked upon this subject generally in considering the third proposition. The paper title contained in the deeds of the trustees and their grantees, and the actual possession of the defendant, constitute the whole of the plaintiff's case. It was in-

cumbent upon the plaintiff to show actual possession by himself or his grantors prior to that of the defendant, or that the possession of the defendant was subordinate to the right of the plaintiff. A grantee, whose grantor had neither title nor possession when he conveyed, cannot maintain ejectment against a tenant in possession, for the title of the plaintiff must be shown to be superior to that of the defendant. There was no attempt here to show that the plaintiff's grantors had a shadow of title or of possession, but on the contrary, the plaintiff shows that the defendant's title was superior to his own, that of actual possession.

The ruling of the court throughout the whole case must have been based upon the hypothesis that a conveyance by the Trustees of the Internal Improvement Fund authorized the presumption that they had title to the land conveyed, that such title was original like unto the original title in the government, paramount to all other, and that there could be neither prescription nor adverse possession as against the government or sovereign ; and even granting this position, it was due to the defendant that he might be permitted to show an anterior grant from the sovereign under which he might claim not only the possession, but the title itself. It is not always necessary to trace a title to its original source, but only that the plaintiff shall exhibit so much as will put the defendant to the support of his possession by a title superior to naked possession. Hartley vs. Ferrell, 9 Fla., 374. The presumption that the title of the Trustees was original is unwarranted. They derived their title, if at all, from the State, and the State derived its title from the United States. There is nothing in the nature of the title of the Trustees which should preclude the defendant from showing a superior title.

The respondent's counsel upon the argument of this case, did not attempt to discuss the merits of the questions raised by assignment of errors, but insisted that the record did not show affirmatively that the bill of exceptions was signed by

the judge during the trial, or that the time for preparing the same was extended.    The rules required that bills of exception should be made up and signed during the term of the court at which a trial was had, unless by special order further time was allowed.    We find nothing in this record, however, to warrant the presumption that the bill of exceptions was signed after the expiration of the term.    The fact that it was signed raises the presumption that it was properly signed, and unless something appears to negative such presumption, it must be held to have been rightfully done. Summerlin vs. Tyler, 6 Fla., 718.

The judgment must be reversed and the cause remanded for such further proceedings as may be had according to law.