[DO NOT PUBLISH]

[IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13750
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-23395-FAM


THOMAS HEINEN,
ANGELINA KUNZ,
DAVID KUNZ,
JACOB KUNZ,
EDNA NICKERSON,
GRACE KUNZ,
MIRANDA DELANEY,
BRANDEN DELANEY,
PENNY BUCKNER,
RYAN ENG,
JOANN RUIZ,
ALEJANDRO HERNANDEZ,
SAVANNA VALDEZ,
CLAYTON MCDONALD,
JOSH RUSSELL,
BETTY JOHNSON,
MICHAEL JOHNSON,
TAYLOR JOHNSON,
MARIAH JOHNSON,

                                              Plaintiffs-Appellants,


versus

ROYAL CARIBBEAN CRUISES LTD.,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(March 30, 2020)

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

This is a negligence case. The appellants bought a cruise from the appellee Royal Caribbean Cruises LTD. The cruise was set to sail from Galveston, Texas in August of 2017. Hurricane Harvey had other plans, though. The superstorm struck Galveston around that time, forcing Royal Caribbean to cancel the cruise.

The appellants allege here that Royal Caribbean didn't act quickly enough. They claim that the cruise line delayed cancellation until the day the cruise was set to embark. This delay purportedly caused them to travel to Galveston and weather hurricane-force conditions. So they sued Royal Caribbean in the Southern District of Florida, alleging counts of negligence and negligent infliction of emotional distress.

But the appellants' first complaint had a problem: It failed to identify the individual harms the appellants suffered due to Royal Caribbean's purported

2

negligence. The district court highlighted this deficiency for the appellants and grant them leave to amend. The appellants promised that they would provide specific allegations of harm in their amendment. But the district court held that their second attempt proved no better: Though the amended complaint added that each appellant suffered "physical and emotional damage," it still failed to specify their individual physical and emotional injuries. Rather, in shotgun fashion, the appellants ticked off a laundry list of injuries at the end of their complaint, without specifying who suffered what. The court held that these allegations failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). It dismissed the action with prejudice. This is the appellants' appeal.

We review de novo the district court's grant of a motion to dismiss for failure to state a claim. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). To state a claim, a complaint must allege enough facts to make the claim not merely possible, but plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Id.* But we need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Finally, to prove a negligence or negligent-infliction-of-emotional-distress claim, a plaintiff must prove that the defendant's actions caused the plaintiff to suffer actual harm. *See Chaparro v. Carnival Corp.*, 693

3

F.3d 1333, 1336–38 (11th Cir. 2012) (per curiam).[1]  A negligent-infliction-of-emotional-distress claim also requires an allegation of "mental or emotional harm . . . that is caused by the negligence of another and that is not directly brought about by a physical injury, but that may manifest itself in physical symptoms."  *Id.* at 1337–38.

The district court rightly dismissed the appellants' complaint for failure to state a claim.  For starters, the appellants failed to specify their individual physical and emotional harms.  Although each appellant alleged that Royal Caribbean's delay caused them "physical and emotional damage," that threadbare allegation does not suffice without factual allegations in support.  *See id.*  The only specific factual support for the appellants' threadbare allegations of harm comes in a combined paragraph listing what seems to be every possible injury imaginable.  Among many others, the injury list includes claims of "injury about their body and extremities," "physical pain and suffering," "disfigurement," "aggravation of any previously existing conditions," and "physical handicap."  Yet the appellants still fail to identify which appellant suffered which injury.  For example, is Mr. Heinen disfigured?  Did Ms. Ruiz aggravate a pre-existing condition?  Does Mr. Russell

---

[1] We asked the parties to answer whether the district court exercised diversity or maritime jurisdiction over this case.  Both agree that maritime jurisdiction applies, and so do we.  Accordingly, federal maritime law governs the elements of the appellants' tort claims.  *See Chaparro*, 693 F.3d at 1336.

now have a physical handicap?  Surely each appellant did not suffer *every* injury listed in the kitchen-sink paragraph the appellants add at the end.  In any event, the complaint does not plausibly allege that they have done so.  *See Iqbal*, 556 U.S. at 678–79.  Because the appellants fail to connect their general allegations of "physical and emotional damage" with the specific facts they pleaded in bulk, we must ignore that threadbare assertion of harm.  *See id.*  And without sufficiently plausible allegations of harm, the appellants cannot state a claim.  *See Chaparro*, 693 F.3d at 1336–38.

But this does not end our inquiry.  Alongside their allegations of physical and emotional harm, the appellants also claim that Royal Caribbean's actions caused them financial harm—they had to pay out-of-pocket expenses while trapped in Texas during the storm.  Unlike their allegations of physical and emotional injury, the appellants (with one exception) specify these out-of-pocket expenses.  So their allegations of financial harm have factual support.  *See Iqbal*, 556 U.S. at 678–79.

Yet the appellants still fail to state a claim, because recovery for their financial injuries is barred under the maritime economic-loss rule.  Under federal maritime law, a plaintiff suing for an unintentional tort cannot recover "for economic losses not associated with physical damages."  *Kingston Shipping Co. v. Roberts*, 667 F.2d 34, 35 (11th Cir. 1982); *Tampa Hercules Carriers, Inc. v.*

5

*Florida*, 720 F.2d 1201, 1202 (11th Cir. 1983), *affirmed by operation of law en banc*, 728 F.2d 1359 (11th Cir. 1984).  The appellants do not allege that their out-of-pocket expenses stem from physical injury to their person or their property—they allege purely economic losses stemming from the additional time they spent in Texas.  And since their only supported allegation of harm is not cognizable under our precedent, the appellants fail to state a claim.  *See Smith v. United States*, 873 F.3d 1348, 1351 (11th Cir. 2017) (holding that a "plaintiff must plausibly allege all the elements of the claim for relief" to survive a motion to dismiss).

Finally, even if the economic-loss rule did not bar the appellants' claims for financial injury, the appellants' financial injuries still could not support their claims for negligent infliction of emotional distress.  The damages involved in that tort are emotional, not economic.  The tort compensates a plaintiff for "mental or emotional harm."  *See Chaparro*, 693 F.3d at 1337–38.  But the appellants do not claim that their out-of-pocket expenses flow from mental or emotional harm.  So their allegations of financial harm cannot sustain their negligent-infliction-of-emotional-distress claims.

The district court's judgment is **AFFRIMED**.