Spenueb, J.
delivered the opinion of the court. In our view of this case, it is unnecessary to enter into minute consideration of the evidence as to the adverse possession of the defendant, or the situation of John Canton Hook, or the probabilities whether Prince’s Palis or Poplope’s Kill were intended by the subsidiary grant in the Staats patent, The premises in question lie on Poplope’s Kill, and *367 it appears to us the plaintiff failed *in the outset, in locating the premises within the patent to Bradley. The will we consider as properly in evidence. The facts proved were sufficient to induce a presumption of the loss of the original, and on the authority of the case of Livingston v. Rogers, decided in the court for the correction of errors, when evidence sufficient to induce the presumption of a loss of a deed is exhibited, either parol proof may be given of the contents, or a copy may be received. We are satisfied, therefore, as to the plaintiff’s deduction of title, and shall rest our opinion solely on his locating that title. Staats patent is the anterior one, and must be first satisfied. It begins at the mouth of the As-sinnapainck, and then runs up the river, as it runs, four chains'to the north of Prince’s Palis, then into the woods northwest twenty chains to the mountains, then along the said mountains parallel with the river to the head of the Assinnapainck, then down the same to the place of beginning. The plaintiff’s surveyor, to ascertain this tract, ran a. straight line from the termination of the twenty chains mentioned in Staat’s second course, to the head of the As-sinnapainck, disregarding the expressions in the patent, which required him to consider the twbhty chains as terminated at the mountains, and to run along the mountains, and parallel with the river. It is in vain that the plaintiff proved that some part of the defendant’s possessions were more than twenty chains from the river, because the distance of chains is to be rejected where an object is pointed out, and because too in running lines parallel with a river it is only requisite that the distance, where that is to control, should be such that the river in some one point is not further off than is required.(a) In other words, the west-line of Staats patent, without reference to the mountains, if run parallel with the general course of the river, might, in some places, be at a greater distance than the twenty chains, and still be correctly run. In our opinion, therefore, the plaintiff wholly failed in showing himself entitled to any part of the lands in the defendant’s possession. As to the fact whether the Poplope’s Kill was the run of water intended in the second tract granted to Staats, it was a question fairly submitted to the jury, and the court can see no reason for disturbing their verdict in that respect. On the whole, we are clearly of opinion that on no principle is the plaintiff entitled to a new trial. He, therefore takes nothing by his motion.
Hew trial refused.

 Ante, 177. The same principle adopted in the location of the Hosiek patent. Jackson, ex dem. Quackenbush, v. Dennis.