By the Court,

Nelson, J.
There must be a new trial in this cause. It is undoubtedly material to show, in the proof of the regular execution of a will, that the testator signed the same in the presence of all the three subscribing witnesses ; and this we are of opinion was in fact proved, if the jury believed the witness, Alida Truax. She swore expressly that she saw the testator sign the will, that the three witnesses were present, and that she and her husband witnessed it, she being called in for that express purpose. It is true she stated that she did not then remember that Van Valkenburgh witnessed the will, and on her cross-examination, said that she did not then recollect that any person was in the room when she witnessed the will besides the testator and his wife, and herself and her husband. But it must be recollected that she was speaking of a transaction some thirty-six years old, and if she could not call to her remembrance all the facts minutely, so as to be able to state them distinctly and positively her evidence is *not therefore to be altogether disregarded. I understand from her testimony that she intended to swear to her belief that Van Valkenburgh signed the will, though she could not recollect the particular fact. Her evidence should have gone to the jury, and if she was an intelligent, respectable witness, they should have found in favor of the execution of the will. But, independently of this testimony, I am of opinion the evidence offered and rejected was sufficient to have authorized the proof of the contents of the will. It was more than 30 years old, and it was offered to be shown the premises had been held under it from the death of the testator. Now if the will had been produced, and the execution of it had appeared re *603 guiar on its face, under the proof offered, it ought to have been received in evidence without requiring proof of its execution. 3 Johns. Cas. 283. 3 id. 292. 7 Wendell, 374. 5 Cowen, 221. Phil. Ev. 385, n.
If the will is lost or destroyed, as in the case of any other deed, the next best evidence of its execution and contents is admissible, Phil. Ev. 347, 8; Peake’s Ev. app. 66; Keeling v. Ball, 2 East, 183; 2 Caines, 363; 12 Johns. R. 192; and the proof of the loss being addressed exclusively to the court, and for the satisfaction of the judge, need not be as strict and technical as is required by the general rules of evidence. 4 Cowen, 483. Phil. Ev. 97, 8.
It cannot be doubted that the testimony 'of Mrs. Truax, together with that offered to be given by Platt and Fetherly, was competent and sufficient evidence to prove the existence and contents of the will; nor can I perceive any valid objection to the admission of Philip Fetherly, the father of the plaintiffs, that the will was lost and had been taken from him. It is true that the plaintiffs did not derive their title from either their father or mother, and that the latter was a feme covert when she admitted the existence of the will. Yet the father of the plaintiffs had an interest for life in the premises at the time, against which the admissions were made; and the mother might have been a witness to prove the existence or loss of the will while a feme covert. This would not have been incompatible with the principle of law that a feme covert cannot alien her estate, or do any act in law to the prejudice *of it, except according to the statute. Her admission, in its remote consequences, might tend to affect her title to the property, but it seems to me not to fall within the meaning of the rule of law, when used in this collateral manner, for the purpose of satisfying the judge of a fact. The admission was against her interest, and by the ancestor of the plaintiffs through whom they claim. But aside from the confessions of either of these parties, the evidence offered, including that of search for the will, and which was free from any objection, was, in my judgment, sufficient to show the existence and loss of the will, and to authorize secondary evidence of its contents.
Upon the ground, then, that the secondary evidence of its contents was admissible, was the execution of it sufficiently established 1 It was, as before said, some thirty-six years old, and would have proved itself, if produced and the execution of it appeared regular on its face. The best evidence of which the nature of the case admits is competent for this purpose. Peake Ev. app. 66. Keeling v. Ball, 2 East, 183. Phil. Ev. 385. The only objection to the most strict proof of the execution of the will that can be exacted under any circumstances is, that it was attested by only two witnesses ; but making reasonable allowance for the great lapse of time and the difficulty of proof, the testimony of Mrs. Truax together with that offered to be given by Platt, a son-in-law of the testator, and that which was given by Crouns on his cross examination, it seems to me there cannot be a doubt that it was duly attested by three witnesses. Whether it was or not must at this late day depend upon circumstances, and upon those the jury may find the fact of execution.
New trial granted.