Milligan, J.,
delivered the opinion of the Court.
In this cause, a paper, purporting to he a transcript of the record, as it appears, from the Clerk’s in-dorsement upon it, was filed in this Court, on the 27th of November, 1865, as a substitute for the original record, which, as it is alleged, has been lost or destroyed. The substitute is submitted to us in place of the original record, and we are asked, upon it, to review a judgment of the Circuit Court of Coffee County, rendered in this cause, at its January Term, 1861.
Under this state of facts, three important questions are presented for our consideration: 1st, Is the original record lost, or unintentionally mislaid? 2d, If so, in what manner has it been supplied? And 3d, by what character of evidence?
1. The Code provides, (sec. 3907,) that “any record, proceeding, or paper, filed in an action, either at law or equity, if lost, or mislaid unintentionally, may be supplied, upon application, under the orders of the Court, by the best evidence the nature of the case will admit of.”
This provision of the Statute is but a substantial transcript of the common law, applicable to lost records, *320 or other papers; and the first step necessary to be taken •under it, is, to establish the unintentional loss, or destruction of the records. This may ordinarily be done by the evidence of the Clerk, or other officer, intrusted by law with the care and custody of the record books, or other papers, the loss of which is sought to be supplied: Pierce & Pittman vs. The Bank of Tennessee, 1 Swan, 265; 1 Greenleaf's Ev., sec. 509.
By the terms of the Statute, as well as upon principles of common law, the loss of the record, or other paper, must be unintentional. A voluntary destruction of it would not authorize this Court to admit secondary evidence of its contents, until the party charged with the loss had repelled every inference of a fraudulent design in its destruction: Blade vs. Noland, 12 Wend., 173.
2. The loss of the- record, or other paper, being established to the satisfaction of the Court, it is then, and not till then, competent for the Court, upon proper application, to direct, by an order of record, (which should show the grounds upon which it is predicated,) that the lost record, or other paper, be supplied by the best evidence the nature of the case will admit of. The substitute must be in substantial conformity to the original.
3. The proof of unintentional loss, and the order of the Court to supply it, by substituting other pleadings, papers, etc., for the original, being entered of record, the next inquiry is, as to the character of the proof by which the lost record, or other paper, can be supplied; the Statute, as well as the common law, requi *321 ring it to be done by “tbe best evidence tbe nature of tbe case will admit of.” What tbis character of evidence is, in a given case, is not always a question free from difficulty. But tbe clearest and most satisfactory rule of law, deducible from tbe American authorities, seems to be tbe following: “If, from tbe nature of the . case itself, it is manifest thát a more satisfactory kind of secondary evidence exists, tbe party will be required to produce it; but that when tbe nature of tbe case does not, of itself, disclose tbe existence of such better evidence, tbe objector must not only prove its existence, but also must prove that it was known to . the other party, in season to have been produced at the trial: 1 Greenleaf, sec. 84, and note 2, with authorities there cited.
Tbis rule of evidence, in most instances, is of easy application. Tbe very nature of tbe fact to be proved, generally discloses the existence of some writing or memorandum of an official character, by which it can be proved; and in every such instance, tbe writing must be produced, before tbe mere memory of witnesses. can be resorted to, to show tbe contents of a record, or other paper. Tbe law is justly jealous of tbe memory of witnesses, when they come to speak of tbe contents of a written instrument, which they have merely read; and hence, it has been bolden, when tbe record boobs were burnt, or mutilated, or lost, the Clerk’s docket, and tbe notes or journal of tbe presiding Judge, were the next best evidence of tbe contents of tbe record, and must be- produced, in preference to tbe mere parol evidence of witnesses.
*322 In this, and the like class of cases, the law, by its presumptions, generally indicates the existence of the next best evidence, and the place where it can be found. But it sometimes happens, that there is no legal presumption of the existence of other better secondary evidence, and in such cases, any proof is received which is not inadmissible by other rules of evidence,' subject, however, to be objected to, on the grounds that other better evidence was previously known to the party proposing to supply the lost record, or other paper, and which he might, by proper diligence, have produced.
Applying these principles to the facts of this case, we can come to but one conclusion, and that is, there is no sufficient substitute of the alleged lost record in this Court, to enable us to review the judgment of the Circuit Court. The imperfect transcript from the record books of the Circuit Court of Coffee County, as shown by the Clerk’s certificate, discloses the fact that this cause was tried and determined in that Court, at its January Term, 1861, and an appeal prayed and granted to this Court, and bond executed. -The legal presumption is, therefore, that a perfect transcript of the record is on file in the office of the Clerk of this Court. The law places it here, and we have no evidence, to which we can look, that it is not here. The Clerk is the legal custodian of the record books and papers of the Courts, and until the loss of the record is shown by him, or satisfactory reasons given why it cannot be so shown, the affidavit of the attorney who was employed in this cause below, is wholly inadmissible. More than this, there is no order of this, or any other Court, *323 directing the lost record to be supplied by secondary evidence; neither is there any order that this paper be received as a substitute for the original or lost record. In fact, there is nothing- before us that will enable this Court to take jurisdiction of this cause, so as to review the judgment of the Court below. We, therefore, order it. to be stricken from the docket, with leave to the defendant in error to proceed, in the proper mode, to establish the- loss of the record, and to supply it by the best evidence the nature of the case will admit of.