DELIA WRIGHT, Respondent, *v.* WILLIAM H. WRIGHT, Appellant.

A promissory note given in consideration of a promise to marry, which promise is afterward performed, is for a good consideration, and is valid under the statute of frauds. (2 R. S., 135, § 2.)

In an action upon a lost note against the maker, the giving or tendering of a bond of indemnity is only necessary in case the note was negotiable. (2 R. S., 406, §§ 75, 76.)

The negotiability of the note will not be presumed, in the absence of any evidence upon that subject, at least, in a case where the evidence tends strongly to show that the maker obtained possession of the note, without consent of the payee.

An objection to the ability of the plaintiff to bring suit in the form adopted is in the nature of a dilatory plea, and to be available must be strictly pleaded.

A note given in consideration of a promise to marry, is valid in the hands of the wife, after marriage (§ 3, chap. 476, Laws of 1859), and an action may be maintained thereon by her against her husband.

It is immaterial whether the form of the action by the wife against her husband upon such a note be at law or in equity, if facts are stated entitling the plaintiff to the relief demanded; it is the duty of the court to afford the relief, without regard to the name to be given to the action.

*It seems* that, under the present policy of this State, in respect to the relations of husband and wife, the latter can sue the former to enforce any right affecting her separate property in any form of action, the same as if he were a stranger.

(Argued June 16, 1873; decided September term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee. (Reported below, 59 Barb., 505.)

This action was brought upon a promissory note given by defendant, dated March 1st, 1868, for $5,000.

The facts are sufficiently stated in the opinion.

*Samuel Hand* for the appellant. The note was without consideration. (Story on Prom. Notes, §§ 184, 187.) The intermarriage of the maker with the payee, operated to discharge the note. (*Strong* v. *Skinner*, 4 Barb., 552 ; *Tisdale* v. *Jones*, 38 id., 523 ; *Curtis* v. *Brooks*, 37 id., 476 ; 3 R. S. [5th ed.], 221, § 2.) An action at law cannot be maintained between husband and wife. (*Gould* v. *Gould*, 29 How., 441 ; *Longendyke* v. *Longendyke*, 44 Barb., and cases cited ; *Fruthy* v. *Fruthy*, 42 id., 641 ; *Savage* v. *O'Neil*, 44 N. Y., 302.) The statutes for the more effectual protection of the property of married women do not assist plaintiff. (*White* v. *Wager*, 25 N. Y., 328.)

*William Henry Arnoux* for the respondent. The note was sufficient in form, and was given for a good consideration. (2 R. S., 135, § 2 ; *Dygert* v. *Remerschnider*, 32 N. Y., 629.) The marriage of the parties did not affect the validity of the note, or plaintiff's ownership of it. (Laws 1859, chap. 475, § 3 ; *Powers* v. *Lester*, 23 N. Y., 527, 529 ; *Webster* v. *Webster*, 4 Am. R., 253.) The court will not presume a lost note to be negotiable ; and where an instrument is not negotiable, no bond is necessary. (*Blade* v. *Nolan*, 12 Wend., 173 ; *McNair* v. *Gilbert*, 3 id., 344 ; 10 J. R., 104.) The statute, as to the bond, does not apply where the note has come into the hands of the payee, and been destroyed by him. (2 R. S., 406, §§ 75, 76 ; *Des Arts* v. *Leggett*, 16 N. Y., 582.) The Supreme Court had jurisdiction of the persons and subject-matter herein. (*Power* v. *Lester*, 23 N. Y., 527, 530 ; approved 32 N. Y., 646 ; *Whitney* v. *Whitney*, 49 Barb., 319 ; *Barlow* v. *Scott*, 24 N. Y., 45 ; *Corning* v. *T. I. and N. Fac.*, 40 id., 207 ; *Emery* v. *Pease*, 20 id., 64 ; *Corn Ex. Ins. Co.* v. *Babcock*, 42 id., 647 ; *Lavis* v. *Morris*, 36 id., 572.) Plaintiff's neglect to move to modify the pleadings was a

waiver of his rights in this regard. (*Penn. Coal Co.* v. *D. and H. Canal Co.*, 1 Keyes, 72.) The question of the right of a married woman to maintain an action at law against her husband, not having been pleaded, could not be properly raised upon the trial. (*Albee* v. *Cole*, 39 Vt., 319 ; *Logan* v. *Hill*, 19 Iowa, 491.)

REYNOLDS, C. The complaint states that on the 1st of March, 1868, the plaintiff's name was Delia Estabrook, and that about that day the defendant, for a valuable consideration, gave her a promissory note, dated March 1st, 1868, for $5,000, payable six months after date, with interest ; that the plaintiff is the owner and holder of the note ; that it is unpaid, and judgment is demanded for the amount with interest. The answer of the defendant denies every allegation of the complaint, except that on the 1st of March, 1868, the plaintiff's name was Delia Estabrook, and upon this issue the parties went to trial before a referee, who found that, at the date named, the name of the plaintiff was as admitted ; that the note was for a valuable consideration given by the defendant ; that it was unpaid, and ordered judgment for the plaintiff for the amount, with interest and costs, and we are to consider the case upon an appeal by the defendant, the judgment of the referee having been affirmed at a General Term of the Supreme Court.

Ordinarily, I think, in a case presented as this is, we might, under well-settled rules of practice, refuse to look into the evidence at all, and affirm the judgment upon the ground that it was supported by the facts found by the referee. But this case is exceptional in many respects, and we prefer to consider it in all its aspects, and see what judgment ought to have been given in the court below. The fact that the note was made by the defendant, and upon a good consideration, must be assumed as it is found by the referee ; as to the execution upon conflicting evidence, and as to the consideration, there was no conflict of fact ; and in law it was unquestionably valuable. The case, as it appeared on the trial, without

any objection as to evidence, under the issue joined, was substantially and in brief this : Prior to the execution of the note, the plaintiff was a widow and the defendant a widower, and both in marriageable condition. The defendant proposed marriage, and the plaintiff declined unless he settled something on her. She had an income which would cease on marriage, and she was not willing to give it up without some pecuniary equivalent. These negotiations ended by the giving of the note in suit, and on the 10th of March, 1868, the parties were married. Not long after, domestic difficulties arose, resulting finally in separation, and, in that condition of things, this action was brought to recover the amount of the note. Evidence was given on the trial, without objection by either party, of all the circumstances under which the note was given, and those relating to the disputes after the marriage, and also in respect to the separation. It seems to have been the effort of the defendant to show that the plaintiff left him without cause, and that the consideration of the note had failed, but the finding of the referee disposes of that question. The evidence upon most points, as well as on this, was conflicting, and we must assume that the referee regarded the defence as a total failure. The only exceptions taken were to the refusal of the referee to nonsuit the plaintiff. This motion was made at the close of the plaintiff's case, upon the ground of want of consideration to the note, that the action was improperly brought for the reason that the note was lost at the time the action was brought, and that a bond of indemnity should have been offered, given or tendered, and " that the plaintiff being the wife of defendant, she cannot maintain this action."

The consideration of the note was a promise to marry the defendant, which the plaintiff performed. This was unquestionably a good consideration. (Sugden, 437 ; 2 Bl. Com., 297 ; *Verplank* v. *Sterry*, 12 Johns., 536 ; S. C., 1 Johns. Ch., 261.) It was not obnoxious to the statute of frauds, as it was in writing, subscribed by the party to be charged, and was made in consideration of marriage. (2 R. S., 135, § 2.)

It cannot, I think, be doubted that a promissory note given in consideration of such a promise, which promise is afterward performed, answers all the objects for which the statute was enacted.

The objection that no bond or indemnity was given or tendered cannot prevail. This is only necessary in case the lost note was negotiable. (2 R. S., 406, §§ 75, 76.) The only copy of the note given in evidence in this case shows that it was not negotiable. But if it be assumed that there was no proof on that subject, one way or the other, we cannot properly presume that the lost note was negotiable in order to give point to a technical objection, and more especially in a case like the present, where the evidence tended very strongly to show that the defendant obtained possession of the note after marriage, without the wife's consent, and either destroyed it or had it in his possession at the time of the trial. (*Blade* v. *Noland*, 12 Wend., 173; *Des Arts* v. *Leggett*, 16 N. Y., 582.)

The next and last objection, and the one chiefly argued, is that the plaintiff, being the wife of the defendant, cannot maintain the action. It is to be doubted whether, under any rule of practice, this form of objection raises any question which ought to be considered in an appellate court. It certainly does not suggest the question that has been argued before us, that is, that the action is one at law, when it should have been in equity. It may be said, in the first place, that the objection raised does not suggest any infirmity in the plaintiff's right, but rather of remedy or a disability to bring present suit. In such cases, ordinarily, the defence of disability is regarded as dilatory merely, and must, to be made available, be strictly pleaded. In this case no plea of disability on account of the connection of the plaintiff is set up in the answer, and the point might, for that reason, be disregarded. (*Webster* v. *Webster*, 58 Maine, 139; 4 Am. R., 258; 39 Verm., 319; *Logan* v. *Hill*, 19 Iowa, 491. But we do not propose to place our decision upon any such technical ground. At common law, the note in suit being

valid, would have been extinguished by marriage, and no action could have been maintained upon it. But our statute provides that "all contracts, made between persons in contemplation of marriage, shall remain in full force after such marriage takes place." (Laws of 1859, chap. 475, § 3.) This language is entirely clear, and rescues the note in controversy from the fate to which the common law would have consigned it. (*Power* v. *Lester*, 23 N. Y., 527, 529.) The plaintiff, therefore, has a valid obligation against the defendant, which, in some form, either at law or in equity, or both, she can enforce in the courts. The Supreme Court, in which the action was tried, has "general jurisdiction both in law and equity," and it had jurisdiction of the persons of both parties to this controversy, and could give judgment according to the very right of the case, regardless of form, and, in furtherance of the ends of justice, might amend pleadings, conform pleadings to facts proved, and do various other things tending in the direction above indicated. (Code, §§ 175, 176, Wait's edition and cases cited in notes.)

While it is admitted that the rights of the plaintiff could be enforced by suit in equity, yet it is insisted that this, being an action at law, cannot be maintained by a married woman against her husband. It might be asked by what authority the defendant names this an action at law? What additional allegation in the complaint would have enabled the defendant to designate it as a suit in equity? Nothing more could be truly said than that the consideration of the note was a promise to marry, which had been performed, and all this was proved without objection. Certainly the defendant has been deprived of no legal right, and if the form of the pleadings was not agreeable to him, it was very easy to have them made to conform to the facts proved by a proper application. If the complaint was not full enough to disclose the case in all its features, it was competent for the defendant to spread the facts out in his answer by way of affirmative defence or otherwise, for all that has any bearing upon the rights of the parties grew out of one and the same transaction. While

regard is still to be had in the application, of legal or equitable principles, there is not of necessity any difference in the mere form of procedure, so far as the case to be stated in the complaint is concerned. All that is needful is to state the facts sufficient to show that the plaintiff is entitled to the relief demanded, and it is the duty of the court to afford the relief without stopping to speculate upon the name to be given to the action. These principles have been frequently acted upon by the courts. (*Marquat* v. *Marquat*, 2 Kernan, 336; *Emery* v. *Pease*, 20 N. Y., 64; *Corning* v. *Troy Iron and Nail Factory*, 40 id., 207; *Corn Exchange Ins. Co.* v. *Babcock*, 42 id., 593.) Indeed, if some such result has not been attained by the Code of Procedure, we are still in the labyrinth of legal technicalities in practice and pleadings contrived long ago, and tending to enslave the administration of justice, and from which it has been hoped we had, by legislative aid, secured comparative freedom.

When, as in our system, a single court has jurisdiction both in law and equity, and administers justice in a common form of procedure, the two jurisdictions of necessity become to some extent blended. This must be especially the result where the forms of pleading and proceeding are alike. If, as has been in some of the courts of the United States, the rigid forms of the common law have been preserved on one side of the court, while all the old equity forms have been preserved on the other, the distinction between law and equity is still quite apparent. It was said long ago by Sir JOHN MITFORD (afterward Lord REDESDALE) that " the distinction between strict law and equity is never, in any country, a *permanent* distinction; law and equity are in continual progression, and the former is certainly gaining ground upon the latter. A great part of what is now strict law was formerly considered as equity, and the equitable decisions of this age will unavoidably be ranked under the strict law of the next." (Mitf., 428.) It would not be profitable 'to attempt to trace the gradual assimilation of two apparently adverse systems of jurisprudence when brought in actual contact in a

single court under a common form of procedure; it is enough to know that, in our courts at the present day, justice may be administered without regard to mere form. Certain forms are needful to be preserved, but they must not obstruct the path to exact justice, and if they do they will be swept away. In the present case we find no difficulty either in form or substance in giving a judgment according to the intention of the parties, and which both law and equity plainly allow.

Under our present system of policy in respect to the relations of husband and wife, I do not see why a married woman may not sue her husband to enforce any right affecting her separate property, in any form of action (if any distinct forms can be said to exist), in the same manner that she might sue any stranger; and such, I think, is the judgment of the courts. (*Power* v. *Lester*, 23 N. Y., 527, 530; *Dygert* v. *Reimerschnider*, 32 N. Y., 629; *Whitney* v. *Whitney*, 49 Barbour, 319.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.