## Case No. 1,649.

BOOTH v. SMITH.

[3 Woods, 19.][1]

Circuit Court, D. Louisiana.   Nov. Term, 1876.

NEGOTIABLE INSTRUMENTS—VOLUNTARY DESTRUCTION OF PROMISSORY NOTE—RECOVERY.

Where the payee and owner of a promissory note has voluntarily destroyed the same, he cannot recover judgment against the maker ei-

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

ther upon the note itself, or upon the debt which was the consideration for which the note was given.

Action at law. This cause was heard upon a peremptory exception to the petition, of which the following was a copy: "To the Honorable the Circuit Court of the United States for the Fifth Judicial Circuit and District of Louisiana. The petition of William B. Booth, an alien, subject of the queen of Great Britain and Ireland, residing in the parish of Placquemine, in this state, with respect represents: That the succession of Mrs. Amanda H. Smith, now under administration in the parish court for the parish of Placquemine, in this state, and whereof Mrs. Caroline Reddick, wife of William S. Reddick, is administratrix, she being a citizen of the said state of Louisiana, is justly and truly indebted unto your petitioner in the full sum of five thousand dollars with interest and cost for this, viz.: That on the first day of July, 1876, a settlement of accounts took place between your petitioner and said deceased at the residence of said deceased in said parish of Placquemine, wherein your petitioner claimed a sum in excess of five thousand dollars for money advanced to, and for the benefit of said deceased, and said deceased admitted a balance in favor of your petitioner of five thousand dollars, and in settlement thereof gave unto your petitioner a certain promissory note for said sum of five thousand dollars to bear interest at the rate of six per cent per annum from the first day of July, 1876, and payable in one year after date. Your petitioner further represents that he is unable to produce and file said promissory note by reason of the same having been destroyed by petitioner on the fifth day of July, 1876, that the said sum is justly due and owing to your petitioner by the estate of the said Amanda H. Smith, who departed this life in said parish of Placquemine, in November, 1876, and that although legal demand therefor has been made, said administratrix refuses to pay your petitioner said sum or to acknowledge him as a creditor." Then followed a prayer for judgment. The exception taken to the petition was as follows: "Plaintiff, by his own showing, has no cause of action against defendant."

Joseph P. Horner and W. S. Benedict, for plaintiff.

E. Howard McCaleb, for defendant.

WOODS, Circuit Judge. The exception must be sustained. Applying the rule that a pleading should be most strongly construed against the pleader, the petition in effect avers a voluntary destruction by the plaintiff of the evidence of the debt, to recover which his suit is brought. In such a case there can be no recovery, based either on the instrument itself or on the debt, which was the consideration for which the instrument was given: Angel v. Felton, 8 Johns. 149; Vanauken v. Hornbeck, 2 Green [14 N. J. Law] 179; Fisher v. Mershon, 3 Bibb. 527; Blade v. Noland, 12 Wend. 173; Joannes v. Bennett, 5 Allen, 173; Broadwell v. Stiles, 3 Halst. [8 N. J. Law] 58; Rev. Civil Code, art. 2279; Code Nap. art. 1348; Nagel v. Mignot, 7 Mart. [La.] 657.

Judgment accordingly.