Keyser *v.* Keyser.

---

## New York Marine Court.

### *Special Term—March,* 1879.

## CAROLINE KEYSER *against* FREDERICK KEYSER.

Under the statutes of New York, marriage neither pays, transfers nor extinguishes a debt owing by the husband to the wife, and the wife may sue her husband in a common law action to recover back the loan. An attachment in favor of the wife against the property of the husband in such an action sustained.

McADAM, J.—The plaintiff (according to her affidavit) loaned the defendant, August 25, 1878, $300 cash, and in the following month (September, 1878, according to the defendant's affidavit) she intermarried with him. Under our statutes, the marriage neither paid, transferred nor extinguished the debt, and the wife is allowed to sue her husband, even in a common law action, to recover back the loan (Wright *v.* Wright, 54 *N. Y.* 437). The defendant denies that the alleged loan was ever made, but the existence of the cause of action will be more appropriately passed upon at the trial. It would be anticipating the final result, for me to determine now whether the plaintiff's or the defendant's story respecting the alleged loan is true. The verdict of the jury will determine the conflict concerning it, and to this end the defendant may have a speedy trial, if he desires one, so that the right of action may be passed upon without delay.

*As to the right to the provisional remedy of attachment,* the plaintiff swears that the defendant has property at 113 Hester street, that he is about to remove and sell his place of business with intent to defraud, and that she demanded her money on the third of March, 1879, whereupon the defendant said that he had no money, that he was going to sell his place, and that, when sold, "*he would clear out, and not show up again, and threatened to throw her out of his place.*" These words from a husband to a wife, have a significant force and meaning. She had a right to know what he intended to do, and where he intended to go, and had a right, at all events, to expect that whatever answers her inquiries called forth would be truthful, and, when the defendant told her (1) he intended to sell out, (2) and to clear out, "not to show up again," coupled with (3) the assertion that he "would not pay her any money," and (4) his threat to throw her out of his place, the plaintiff had the right to believe, and act on the belief, that the defendant's intentions towards her were neither honest nor friendly, and the facts presented are sufficient in law to justify the conclusion that the defendant intended to defraud her. The plaintiff has shown enough to entitle her to the provisional remedy of attachment, and ought, under the circumstances, and notwithstanding the defendant's denials, to have whatever security said remedy affords. The motion to vacate the attachment will therefore be denied.