### ALWARD v. ALWARD.

(*Supreme Court, Special Term, Cayuga County.* June, 1888.)

1. HUSBAND AND WIFE—ACTIONS BETWEEN—WHEN MAINTAINABLE.
    Neither Code Civil Proc. N. Y. § 450, which provides that, "in an action or special proceeding, a married woman appears, prosecutes, or defends alone, or joined with other parties, as if she were single, " nor any other statute, expressly enables husband and wife to sue each other at law, and such action cannot be maintained.
2. SAME—WIFE'S SEPARATE ESTATE—ADVANCEMENTS BY HUSBAND.
    A husband can recover, in an equitable action, money advanced for the benefit of his wife's separate estate, and have such advances declared a lien thereon.[1]
3. SAME—COSTS—TO WHOM ALLOWED.
    The questions as to the right of husband and wife to sue each other at law, and of the right of a husband to recover of his wife's separate estate money advanced for the benefit thereof, being novel and unsettled, the case is a proper one for the exercise of discretion as to costs, and none should be awarded to either party.

On motion for trial by jury.
This is an action by Dennis R. Alward against Emily B. Alward, who are husband and wife, in which the plaintiff seeks to recover certain moneys paid out and advanced by him, at the defendant's request, in and about the management of her separate estate, and asks to have the amount thereof declared a lien upon said estate. Upon the trial, and before any evidence was given, defendant's counsel moved for a dismissal of the complaint upon the ground that this is an equitable action, which will not lie upon the facts stated in the complaint, and claimed that the action, if tried at all, must be before a jury. The court reserved its decision upon this motion until the case was finally submitted, and thereupon the parties proceeded to trial upon the merits, and evidence was given in support as well as in defense of the claim litigated.
*Charles M. Baker*, for plaintiff. *Rogers, Locke & Milburn*, for defendant.

ADAMS, J. A careful examination of the evidence in this case tends to confirm the impression produced at the trial that the plaintiff's claim is one which is well founded, and one which the defendant's testimony strengthens rather than weakens, so that the only questions which demand serious consideration are those raised by the defendant's motion hereinbefore referred to. So far as the first branch of that motion is concerned, a decision adverse to the defendant's claim and theory may be reached without much hesitation,

---

[1]As to the validity and enforceability of contracts between husband and wife, see Valensin v. Valensin, 28 Fed. Rep. 599, and note; Pillow v. Sentelle, (Ark.) 5 S. W. Rep. 783, and note; Reamey v. Bayley, (Pa.) 11 Atl. Rep. 438; Brown v. Brown, (Neb.) 36 N. W. Rep. 275, and note; Brickley v. Walker, (Wis.) 32 N. W. Rep. 773, and note.

inasmuch as our present system of procedure has expressly done away with former distinctions between legal and equitable remedies. Code Civil Proc. § 3339. Distinction in the application of principles still exists, it is true; but, if sufficient facts are set forth in the complaint to entitle the plaintiff to the relief sought, it matters very little whether the form of the action be legal or equitable. In either case, it is the duty of the court to award the relief to which the facts stated and established entitle the plaintiff. *Wright* v. *Wright,* 54 N. Y. 437; *Hale* v. *Bank,* 49 N. Y. 626; *Stevens* v. *Mayor,* 84 N. Y. 296. The rule, thus stated, is subject, however, to one qualification; and that is that where the action is what may be termed "legal" in its nature, and the defendant demands a jury trial, the court must direct the cause to be so tried. *Wheelock* v. *Lee,* 74 N. Y. 495. This is a constitutional right, and one of which a party cannot be deprived unless he expressly waives it, which certainly was not done here; for, before any evidence was given, counsel demanded that the case be tried by a jury. That the action is one which, if it were between strangers, would come within the term "legal," as distinguished from "equitable," is quite obvious, and there is therefore no alternative but to accede to this demand, and send the case to the circuit, notwithstanding the evidence discloses no substantial defense upon the merits, provided the court is satisfied that a legal action can be maintained by this plaintiff against the defendant, who, as has been stated, is his wife.

The question thus presented for consideration is by no means free from difficulty, which is made all the more embarrassing by reason of the contrariety of opinion in the different courts of this state. The decisions bearing upon this subject, being in direct conflict with each other, have led to great confusion; and until the precise question, unhampered by other complications, is fairly passed upon by the court of last resort, it will require considerable temerity upon the part of a subordinate tribunal to record its own conclusion; for, whatever it may be, it is open to the criticism of antagonism to that of some other and higher authority. To illustrate. In the case of *Wright* v. *Wright, supra,* the commission of appeals held that a wife might maintain an action against her husband upon a promissory note, and that it mattered not in what form she brought her action. In *Wood* v. *Wood,* 83 N. Y. 575, it was held that a wife might maintain ejectment against her husband. In *Howland* v. *Howland,* 20 Hun, 472, it was held that she might likewise maintain replevin; in *Berdell* v. *Parkhurst,* 19 Hun, 358, that the husband might sue his wife for conversion. While in a very recent case decided by the general term of this department, (*Granger* v. *Granger,* 2 N. Y. St. Rep. 211,) it was held that a husband and wife might contract with each other, and that an action at law could be maintained upon a promissory note given by the latter to the former. At first blush, these citations would seem conclusive upon the question under consideration. A careful examination convinces me, however, that, so far as it relates to this precise question, what is said in the first two cases is *obiter;* while the remainder are overruled, in principle at least, by some more recent decisions of the court of appeals. The general term in the First department, in the case of *Schultz* v. *Schultz,* 27 Hun, 26, held that a married woman might sue her husband in a civil action for assault and battery. This decision, which is in direct conflict with those of *Freethy* v. *Freethy,* 42 Barb. 641, and *Longendyke* v. *Longendyke,* 44 Barb. 366, was placed upon the ground that the acts of 1848, 1849, 1860, and 1862 had not only destroyed the unity of husband and wife, but had expressly conferred upon them the right to sue each other in any form of action. On appeal to the court of appeals the case was reversed, (89 N. Y. 644;) and, although no opinion was written, the ground upon which the reversal was granted is made quite obvious by the reference thereto which occurs in the celebrated case of *Bertles* v. *Nunan,* 92 N. Y. 160, in which the court says: "Although section 7 of the act of 1860 authorizes a married woman to maintain an action against any

person for an injury to her person or character, yet we have held that she cannot maintain an action against her husband for such an injury." Certainly no distinction is made, in the section referred to, between an action for a personal injury and any other of a strictly legal nature; and, if a wife may not bring suit for assault and battery, it is difficult to see upon what principle she may bring one for either conversion, replevin, ejectment, or to recover the amount due upon a promissory note. Indeed, the language of the court which precedes that already quoted, is utterly inconsistent with the idea of any such right being conferred by the acts in question. That the general term of this department is thus impressed by the decision in the *Bertles Case* is apparent in reading the opinion of HAIGHT, J., in the case of *Kaufman* v. *Schoeffel*, 37 Hun, 140, in which, after commenting upon and quoting from that decision, he concludes that the statutes of this state do not empower a married woman to carry on business as a copartner of her husband, for the simple reason that the unity of husband and wife still exists as under the common law, and so far as transactions between them are concerned. The doctrine of the *Bertles Case* was subsequently reiterated by the court of appeals, (*Zorntlein* v. *Bram*, 100 N. Y. 13, 2 N. E. Rep. 388;) so that the present weight of authority, I think, may be fairly considered as adverse to the principle contended for by the defendant.

If, however, I were compelled to consider the proposition as an original one, unaided by the light thrown upon it by these later decisions, it would seem that the same conclusion must inevitably be reached. The statutes hereinbefore referred to, being in derogation of the common law, are to be construed strictly; and, as is stated by Dwarris, "it is not to be presumed that the legislature intended to make any innovation upon the common law further than the case absolutely requires." The application of this canon of construction makes it necessary, therefore, to find some enactment which in express terms, and not inferentially, confers upon husband and wife the right to maintain against each other an action at law. With this end in view, let us consider very briefly recent legislation upon this subject. Neither the act of 1848 nor that of 1849 contains any provision relating to the bringing of suit by married women. Obviously, the extent to which the legislature designed to invade the common-law rule by those acts was simply to confer upon married women the right to take, hold, and convey their separate estate in the same manner as though unmarried. By the act of 1860, as thereafter amended by section 7, c. 172, Laws 1862, the additional right and liability to "sue and be sued in all matters having relation to her sole and separate property, * * * in the same manner as if she were sole," was conferred upon her. It is noticeable that the language of this section is substantially the same as that of section 3 of the act of 1849, which permits a married woman to bargain, sell, and convey her real estate in the same manner and with like effect as if she were unmarried; and yet the court of appeals held, in *White* v. *Wager*, 25 N. Y. 328, that this language did not enable her to convey directly to her husband; and this decision has been acquiesced in down to within a year past, when it was abrogated by express enactment. Laws 1887, c. 537. It would seem, therefore, that if it required specific action on the part of the legislature to enable husband and wife to convey directly to each other, it would require similar action to authorize them to sue each other. Careful investigation, however, discloses no such intention on the part of the law-making power. On the contrary, the amendment of 1862, which has given rise to the conflicting decisions hereinbefore referred to, was repealed by chapter 245 of the Laws of 1880, and in lieu thereof we now have only section 450 of the Code of Civil Procedure, which provides that, "in an action or special proceeding, a married woman appears, prosecutes, or defends, alone or joined with other parties, as if she was single." Certainly, there is nothing in this language which can be construed to confer upon husband and wife the right to maintain a legal

action against each other. If we were seeking for information as to the intention of the legislature, as disclosed by these various enabling acts, the act of 1884, c. 381, might be of some assistance to us. By reference to that it will be seen that, while conferring upon married women the right to make contracts in the same manner as if single, it expressly excepts from its operation contracts between husband and wife. It must be conceded, I think, that there is nothing in the acts, thus far adverted to, which destroys the common-law unity of husband and wife to the extent contended for by the learned counsel who submitted this case on behalf of the defendant, unless we follow the reasoning of the cases heretofore adverted to, one of which has, as already suggested, been expressly reversed, and all of them inferentially overruled by the court of appeals. There is yet another complete answer, in my judgment, to the defendant's contention. The several acts to which attention has been directed, were designed for the protection of the wife, and to confer upon her certain rights and privileges; and the earlier ones were entitled acts "for the mere effectual protection of the property of married women." It would be an unwarranted perversion of their design to hold, as would be necessary in this case, that the acts in question conferred upon the husband a privilege which was not afforded him by the common law. This was the view taken by Mr. Justice POTTER in *Perkins* v. *Perkins,* 7 Lans. 19, as well as by Judge DENIO in *White* v. *Wager, supra,* and is one which possesses great force, although I prefer to place my decision upon the broad principle that the sound and sensible rule which obtained at common law relating to the unity of husband and wife has not yet been so far abrogated as to confer upon him the much-coveted privilege of bringing their quarrels into a court of law. I am not unmindful of the contention frequently heard, that the innovations which our modern civilization has made upon the conservatism of remoter generations respecting the marital relation are so radical in their character as to render it improper, if not impossible, to stop short of complete revolution; and such does, indeed, appear to be the tendency of recent legislation. I think, however, that I can perceive, upon the part of the court of last resort, a disposition to throw the responsibility for the new order of things solely upon the law-making power, and at the same time to place a check upon this tendency by adopting and adhering to rigid rules of construction.

The views to which I have given expression necessarily lead to a denial of the defendant's motion. It does not follow, however, that the plaintiff may not maintain his action. He has invoked the aid of a court of equity to grant him the relief which he could not obtain in a court of law. In the forum thus selected by him, although the principles of the common law are fully recognized, yet they are not exclusively considered. On the contrary, courts of equity will, in furtherance of the manifest intentions and objects of the parties, carry into effect a contract entered into between husband and wife, although it would be void at law; and, in order to accomplish this, will entertain a suit at the instance of either against the other. 2 Story, Eq. Jur. § 1368 *et seq.; Shepard* v. *Shepard,* 7 Johns. Ch. 57; *Hunt* v. *Johnson,* 44 N. Y. 27. The plaintiff's demand, which, as already intimated, is virtually undisputed, is one which calls for the interposition of equitable principles for its enforcement, inasmuch as it does not appear that he has any legal remedy. Judgment is therefore directed in his favor; but inasmuch as the question passed upon is a somewhat novel one, and one concerning which it was conceded at the time that the practice was unsettled, a proper case presents itself for the exercise of the discretionary power of the court in the matter of costs, and none are awarded to either party.