(35 Misc. Rep. 345.)

REMSON et al. v. HYAMS.

(Supreme Court, Trial Term, New York County.  June, 1901.)

1. EJECTMENT—TITLE TO MAINTAIN.
     Where partition deeds reserved an alleyway by metes and bounds to
     the grantee and his heirs for their sole enjoyment, a subsequent gran-
     tee may sue owners of adjoining lots out of which the alleyway was
     reserved, to recover possession thereof.

2. SAME—REMEDY IN EQUITY.
     An objection at the close of a trial in ejectment that only an ease-
     ment was granted by the deed under which plaintiff claims, and that
     the remedy therefor is in equity, comes too late.

Action by Jane Remson and others against Rosalie Hyams to
recover possession of an alleyway.  Judgment for plaintiffs.

Wilder & Anderson, for plaintiffs.
Charles W. Coleman, for defendant.

SCOTT, J.  It may be said to be undisputed that the plaintiffs
are entitled to recover possession of the alleyway which is the
subject of this action.  The principal objection urged against a re-
covery is that they have a mere easement, and that for the protec-
tion of such a right a possessory action may not be maintained at
law, but an action in equity should be instituted.  What the plain-
tiffs are entitled to is not the mere right to pass and repass over
a strip of land, but the sole and exclusive use and enjoyment thereof.
Reading together the deeds by which Abraham Remson and James
Ackerman, then tenants in common of both lots, undertook to make
partition between themselves, it appears that Ackerman conveyed
to Remson the fee of the strip of land in dispute, reserving to himself
the easement or privilege of erecting a building not upon but over it,
commencing at a point nine feet above the surface of the ground.
Ackerman's deed conveyed to Remson in absolute terms, not only
the corner lot by metes and bounds, but also the alley or passageway.
The absolute words of conveyance are attributed to the alleyway pre-
cisely as they are to the corner lot, and it is described as "on" the
westerly side of the corner lot, and "out of" the easterly side of the
adjoining lot.  And not only is this strip or alleyway thus included
within and covered by the words of absolute conveyance, but the
deed declares that the alley or passageway is to be forever kept open
for the sole and exclusive use and enjoyment of Remsen and his
heirs and assigns,—a provision which accords precisely with an in-
tention to convey the fee to him, but is not so apparently in accord
with an intention to grant merely a right of way over land, the title
to which still remained in the grantor.  As to the corner lot de-
scribed in the deed by metes and bounds, there were no reservations
of any servitude.  As to the alleyway, there were such reservations,
and they serve to account in some measure for the device adopted of
describing the corner lot and the alleyway separately.  These reser-
vations were for the use of a water course running along the alley-

way; the right to keep the windows open on the easterly side of the house No. 4 Watts street; the right to erect, in a certain contingency, cast-iron pillars of a designated size for the support of a brick wall or gable end over the easterly side of the alley; and the privilege of maintaining a tin leader to conduct water from the front roof of No. 4 into a cistern in the yard. Everything contained in this deed is consistent with the construction contended for by the plaintiffs, that the fee of the alleyway was intended to pass to Remson, subject to certain restrictions as to its use, and to certain rights or privileges over it in behalf of the adjoining property. The deed of conveyance of No. 4 Watts street made by Remson to Ackerman at the same time, and in furtherance of the common purpose of partitioning the property, confirms this construction. It certainly does, in the first instance, convey by metes and bounds a lot of land which included the alleyway now in dispute. As to another alleyway, it conveyed a right to pass and repass, thus creating obviously merely an easement; but as to the alleyway now under consideration it is excepted and reserved out of the lot described by metes and bounds, and it is declared that it is forever thereafter to be open for the sole and exclusive use and enjoyment of Remson, the grantor, his heirs and assigns, subject, nevertheless, to the same rights and easements in favor of the owner of the lot No. 4 as are reserved to him in Ackerman's deed to Remson. Even if the plaintiffs' right was merely that of possession and use, and not of title, they should not be relegated to another action. The complaint demands possession of the alleyway, and damages for having been deprived of its use. To this they are, in any event, entitled. The damages have been assessed by a jury, and the question as to the judgment to be entered has been, by consent of the parties, reserved by the court. Neither by the answer nor upon the trial, except at the very end of the case, was the objection taken that an action at law would not lie, but that resort should have been had to the equitable side of the court. The objection came too late. Wright v. Wright, 54 N. Y. 437; King v. Van Vleck, 109 N. Y. 363, 16 N. E. 547; White v. White, 20 App. Div. 560, 47 N. Y. Supp. 273. The plaintiffs are entitled to a judgment awarding them the possession of the alleyway for the sole and exclusive use and enjoyment of themselves, their heirs and assigns, subject to the rights or easements reserved in favor of the owner of No. 4 Watts street, and for the damages accrued to the time of trial as found by the jury, with costs.

Judgment for plaintiffs, with costs.