commented upon, as the judgment appealed from must be reversed for the reasons stated.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.

---

### LIEB v. DOBRINER.

(Supreme Court, Appellate Term. June 30, 1908.)

CONTRACTS—VALIDITY—AGREEMENT IN CONSIDERATION OF MARRIAGE.

    Marriage is a valid consideration for a contract, and, while a marriage brokerage contract is void as against public policy, an agreement by defendant to pay plaintiff's assignor a certain sum in case he married defendant's daughter is of a different character, and will be enforced.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 515–520.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Henrietta Lieb against Solomon Dobriner. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Jacob Bernstein, for appellant.

Maxwell, Gould & Hutchins, for respondent.

SEABURY, J. This action is brought to recover $100 upon a promissory note made and delivered to Albert Leib and assigned by the latter to the plaintiff. The answer alleges that the note was given for an illegal consideration and that the note was void as being contrary to public policy. The trial court dismissed the complaint, and from the judgment entered upon this dismissal the plaintiff appeals to this court.

The facts of the case are undisputed. Prior to the marriage of the defendant's daughter to Albert Leib, the defendant promised to pay Leib $2,000 upon consideration that Leib should marry his daughter. Leib and the defendant's daughter were married, and the defendant paid Leib $1,900 and delivered to him the note now in suit. The court below, in dismissing the complaint, evidently adopted the theory of the counsel for the defendant that the consideration for the note was against public policy and that the note was void. It is now too well settled to warrant extended discussion that our law regards marriage as a valid consideration for a contract. Wright v. Wright, 54 N. Y. 437; Peck v. Vandemark, 99 N. Y. 30, 1 N. E. 41; In the Matter of Baker, 83 App. Div. 530, 82 N. Y. Supp. 390. In Chichester's Ex'x v. Vass' Adm'r, 1 Munf. (Va.) 98, 4 Am. Dec. 531, Tucker, J., said:

"The following principles appear to me to require no comment or illustrations: * * * That a promise made by a father to a person who seeks an alliance with his daughter is a promise made in consideration of marriage, if the marriage be afterwards had with his consent."

The cases upon which the respondent relies, and upon which the learned trial court erroneously acted in this case, relate to marriage

brokerage contracts. Such contracts are, of course, invalid, and have frequently been so declared. Duval v. Wellman, 124 N. Y. 156, 26 N. E. 343; 9 Cyc. 518. The contract made in the present case is of an entirely different character.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.